## 29775. DOBBINS v. DOBBINS.

HALL, Justice.

Appellant-defendant wife appeals from the denial of a motion for a new trial in which a total divorce and custody of two minor children had been granted by the Fulton Superior Court to appellee-plaintiff husband on the grounds of habitual intoxication of the wife. The case was tried without a jury. Both the plaintiff husband and the two children testified as to the wife's habitual intoxication, which she did not deny. The minor daughter (15) requested that her father have legal custody. The defendant wife appeared on her own behalf without an attorney and stated in open court that she did not desire to obtain one in response to the trial judge's offer to continue the case. She contends in her brief in this court that she attempted to secure counsel, but was unable to retain one. The court awarded defendant $100 per month alimony.

1. Under the Georgia Constitution, a person has the right to prosecute or defend his or her own cause in any court of this state, in person, by attorney or both. Code Ann. § 2-104. This provision was "primarily intended to guarantee the right of self-representation in the courts of this State..." *Bloomfield v. Liggett & Myers, Inc.,* 230 Ga. 484, 485 (198 SE2d 144). In reviewing the stipulation of facts and record, we find that the appellant was given a meaningful hearing and due process of law. See Goldberg v. Kelly, 397 U. S. 254.

2. Appellant's enumeration of error as to the alleged inadequacy of the alimony is without merit. See *Phillips v. Phillips,* 231 Ga. 596 (203 SE2d 189).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 15, 1975 — DECIDED MAY 6, 1975.

*Nicholas F. Maniscalco,* for appellant.
*Claude E. Hambrick,* for appellee.

