## 44024. LOGAN v. THE STATE.
### (352 SE2d 567)

MARSHALL, Chief Justice.

On April 7, 1983, Lanny Robert Logan pleaded guilty but mentally ill to the offense of the malice murder of Brenda Sue Hollis, and he was sentenced to life imprisonment. His motion to withdraw his plea was denied on January 13, 1984, and, apparently, no appeal was taken from the denial. His petition for state habeas corpus relief on the ground of ineffective assistance of counsel was denied on the merits on April 16, 1984, and this court denied his application for probable cause to appeal therefrom on September 6, 1984. On July 1 and October 4, 1986, respectively, the appellant filed an extraordinary motion for new trial regarding the entry of the guilty plea and a motion for an out-of-time appeal. On October 6, 1986, the trial court granted an out-of-time appeal of the guilty plea, limiting the issues to those presented in the extraordinary motion for new trial, but the extraordinary motion apparently was denied. The notice of appeal, filed on October 13, 1986, was docketed in this court on October 30. *Held*:

Pretermitting the issues of the procedural propriety of using an extraordinary motion for new trial to challenge a guilty plea, and the appealability of the alleged denial of such a motion in this case, we affirm the judgment below on the ground that the guilty plea was valid and was properly entered.

The appellant contends that, before accepting his plea of guilty but mentally ill, the trial court should have: had him examined by a psychologist or psychiatrist; examined the psychological or psychiatric reports; held a hearing on the issue of his mental condition and competency to stand trial; obtained an evaluation by the Department of Human Resources as to his competency to stand trial, as provided by OCGA § 17-7-130; and determined whether the plea was being knowingly and voluntarily entered (which he contends it was not).

The plea here was entered in 1983, hence was tendered and accepted under the original provisions of OCGA § 17-7-131, which contained no specific procedural requirements for the entry of a plea of guilty but mentally ill. Ga. L. 1982, pp. 1481-85. The only provision of the law under which the appellant entered his plea, was that "the court shall sentence [the defendant] in the same manner as a defendant guilty of the offense." Id. p. 1485, subsection (g). The trial court was not bound by the provisions of OCGA § 17-7-131 (b) (2), upon

which the appellant relies, as they were not enacted until 1985. Ga. L. 1985, pp. 637-42. Notwithstanding the lack of statutory guidance available to the trial court regarding the entry of a plea of guilty but mentally ill, however, a review of the record reveals that the trial court took such actions prior to receiving the plea as would have complied fully with the statute as amended in 1985.

As for the issue of "mental illness," it is apparent from OCGA § 17-7-131 (g) that such a verdict has the same force and effect as any other guilty verdicts, with an additional provision that the Department of Corrections or other incarcerating authority provide mental health treatment for a person found guilty but mentally ill. The record of the guilty plea in this case shows that this mental treatment is exactly what the appellant sought by the entry of his plea, and the trial court's repeated questioning on the subject leaves no doubt that the appellant understood this factor.

As for the nature of the guilty plea itself, the first factor which must be considered is that the appellant entered the plea with the effective assistance of counsel, as required by the United States Constitution. See *Hill v. Lockhart*, 474 U. S. ___ (106 SC 366, 88 LE2d 203) (1985). This issue has been finally decided by the denial of the appellant's state habeas petition based on that ground, by which determination he is bound. *Stevens v. Kemp*, 254 Ga. 228, 230 (2) (327 SE2d 185) (1985).

At the time he entered his plea, the appellant was 28 years old, had completed 12 years of schooling, and was not under the influence of alcohol, non-prescription drugs or narcotics. The trial judge, who had closely observed the appellant during the entry of his plea, made a specific credibility finding that he did not believe the appellant's testimony at the hearing on the extraordinary motion for new trial that he had taken "huge amounts" of both legal and illegal drugs prior to the entry of the plea, and he found that the appellant was completely able to understand the guilty-plea proceedings and was not being prompted by his attorney during questioning by the trial court.

The appellant was specifically advised of his right to a jury trial, including the assistance of counsel. Both the possible lesser included offenses of voluntary and involuntary manslaughter were explained to the appellant.

No promises of leniency or threats or coercion were made to the appellant to induce the entry of the plea. In fact, despite the appellant's claim in his brief that the plea was induced by the state, the district attorney actually opposed the entry of the plea. The appellant knew that the state was not seeking the death penalty, and that the only possible sentence would be life imprisonment, during which time he might possibly receive some mental health treatment.

As demonstrated by the extensive committal hearing on January 14, 1983, the transcript of which is part of the record before us, the state had substantial evidence of the appellant's premeditation and planning in the murder of the victim, which information was reiterated by the district attorney at the guilty-plea hearing. The appellant himself explained to the trial court how he had struck the victim on the head, admitted that he had "probably" strangled her, and related how he had obtained help in the disposal of her body.

The appellant knew, as demonstrated by his testimony at the hearing on the extraordinary motion for new trial, that he was pleading guilty to the charge of malice murder of the victim, and that murder was the killing of a human being "on purpose." Both the district attorney and the trial court, as well as his counsel, explained the entire nature of the charges to the appellant prior to the entry of the plea. A review of the record of the guilty plea, as well as of the collateral proceedings, reveals that the plea was knowingly and voluntarily entered by the appellant with a full understanding of his waiver of rights and the consequences of the entry of his "guilty but mentally ill" plea. *State v. Germany*, 245 Ga. 326, 327 (265 SE2d 13) (1980); *Boykin v. Alabama*, 395 U. S. 238, 242-44 (89 SC 1709, 23 LE2d 274) (1969). Additionally, in conjunction with the trial court's credibility findings at the hearing on the motion for a new trial, the trial court was also entitled to rely upon the appellant's statements at the entry of his original guilty plea. See *Barksdale v. Ricketts*, 233 Ga. 60 (209 SE2d 631) (1974); *Hughes v. Malone*, 146 Ga. App. 341, 347 (247 SE2d 107) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1987.

*Murray M. Silver*, for appellant.

*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.