## 75117. STALEY v. THE STATE.
(361 SE2d 702)

BANKE, Presiding Judge.

The appellant pled guilty to and was sentenced for the offenses of driving under the influence of alcohol, driving while his license was in suspension, and speeding. Some 13 months later, he filed a "motion to change judgment" with respect to the conviction of driving while his license was in suspension, contending that he had entered his plea of guilty to that offense inadvertently, believing the charge was to be nolle prossed. The trial judge treated this pleading as a motion to withdraw the plea and denied it based on the fact that the term in which the sentence had been entered had already expired. This appeal followed. *Held*:

OCGA § 17-7-93 (b) permits a defendant to withdraw a guilty plea as a matter of right before sentence is pronounced. Even after sentencing, the trial court has the discretion to allow the withdrawal of the plea prior to the expiration of the term of court in which the sentence was entered. *State v. Kight*, 175 Ga. App. 65 (332 SE2d 363) (1985). However, after the expiration of that term and of the time for filing an appeal from the conviction, the only remedy available to the defendant would be through habeas corpus proceedings. Id. The de-

nial of the motion filed by the appellant in the present case must accordingly be affirmed.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 30, 1987.

Don Staley, *pro se.*

*James L. Webb, Solicitor, Richard Edwards, Assistant Solicitor,* for appellee.