## 77868. WOOD v. THE STATE.
(378 SE2d 520)

SOGNIER, Judge.

Charles Lee Wood appeals from the denial of his motion to withdraw a plea of guilty to a charge of driving under the influence of alcohol.

The record reveals that appellant was arrested on February 25, 1987 and charged with two violations of OCGA § 40-6-391, driving

under the influence of alcohol and driving with .12 percent or more by weight of alcohol in his blood. He retained the same attorney who had represented him for two prior DUI charges, and they agreed appellant would plead not guilty, which his counsel testified was done primarily to delay the case while appellant raised money to pay the statutory fine. Appellant met again with his attorney in April 1988, and they determined that, because of the seriousness of the allegations and the likelihood of a twelve-month prison sentence if appellant were convicted by a jury, appellant would enter a plea of guilty to the charge of driving under the influence of alcohol. Appellant then scheduled three character witnesses for the sentencing hearing and arranged to use vacation time from his job to serve the anticipated ten-day jail term.

The trial judge sentenced appellant to twelve months, eleven of which were to be served on probation provided appellant paid a $1,000 fine and performed eighty hours of community service. Upon subsequent motion by appellant's counsel, the trial court reduced the jail term to twelve days. After appellant completed the incarceration portion of his sentence, he hired new counsel and filed the instant motion.

1. Appellant contends in two enumerations of error that the trial court erred by accepting his guilty plea and denying his motion for withdrawal of the plea on the grounds that his constitutional rights were not explained to him and he was confused and misled by his attorney.

Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant " 'intelligently and understandingly' " waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) (1982). When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered " 'by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill[ing] a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' [Cit.]" *Dean v. State*, 177 Ga. App. 123, 125 (2) (338 SE2d 711) (1985).

We agree with the trial court that the second prong of the *Dean* test was met by a showing that appellant's first attorney fully explained to appellant the nature of the charges against him and the significance of his plea, see *Bailey v. Baker*, 232 Ga. 84, 86-88 (2, 4)

(205 SE2d 278) (1974), and that appellant's own testimony that he agreed to enter the plea "[b]ecause I knew it was a serious matter if I was convicted, and that I could probably spend a year in jail" indicated appellant's action was knowing and voluntary. Further, as the trial court found, appellant had made arrangements in advance to take time off from work to serve his jail sentence, and had been through the plea process for DUI charges with the same attorney at least twice before, and as his prior counsel explained, appellant "was very familiar with the process, as we had gone through it a number of times prior to this case and in the two prior cases," and he asked no questions. Although appellant, a twenty-seven-year-old high school graduate who had served four years in the Army, testified at the motion hearing that he did not understand what was happening during the sentencing and did not receive an explanation of his constitutional rights, the trial court found otherwise, and it is the final arbiter on all factual questions. *Dean,* supra at 126 (2). Moreover, appellant's contention that he was misled by his counsel is without merit, as it is unsupported by the record, and "[t]he mere contention that [appellant] did not understand or was misled by his own counsel affords no basis for withdrawal of his plea of guilty. [Cit.]" *Marshall v. State,* 128 Ga. App. 413, 414 (2) (197 SE2d 161) (1973).

2. Appellant also enumerates as error the trial court's failure to comply with Uniform State Court Rules 33.7, 33.8, and 33.9, which set forth procedures for the court to follow when determining the voluntariness and accuracy of a plea, and asserts that this flaw in his sentencing hearing requires reversal of the lower court's ruling. Although the record reveals that the trial court did not comply fully with the requirements of Rule 33.8, which require the court to inform the defendant of the nature of the charges, the scope of the constitutional rights waived, and plea terms and sentencing possibilities, this error was harmless here because appellant's counsel satisfactorily explained his constitutional rights and the consequences of his plea, and the record as a whole demonstrates that appellant's action was knowing and voluntary. See *Bailey,* supra at 85-88 (2, 4). Accordingly, we find no abuse of discretion in the trial court's acceptance of appellant's plea of guilty and denial of his motion to withdraw the plea. See generally *Dean,* supra at 125-126 (2, 3).

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 6, 1989.

*H. Samuel Atkins, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.