## A89A0772. LEWIS v. THE STATE.
### (382 SE2d 207)

BANKE, Presiding Judge.

The appellant was sentenced to 12 months' confinement based on his plea of guilty to the charge of driving under the influence. He contends on appeal that the trial court erred in accepting the plea without first making a determination that it was being entered freely and voluntarily, with a full understanding of the consequences. *Held*:

1. "A direct appeal from a conviction based on a guilty plea will lie '(w)here the question on appeal is one which may be resolved by facts appearing in the record. . . .' *Smith v. State*, 253 Ga. 169 (316 SE2d 757) [(1984)]." *Doby v. State*, 180 Ga. App. 453 (349 SE2d 467) (1986).

2. It is apparent from the transcript of the appellant's arraignment hearing both that he was not represented by counsel at the time he entered his plea and that no inquiry was made to ascertain whether he was entering his plea freely and voluntarily, with knowledge of the rights he was thereby waiving. The only question asked of the appellant before he entered his plea was, "[H]ow do you plead?" When he replied, "Guilty," he was directed by the solicitor to "[s]ign where the X is right here," at which time he signed the following statement appearing on the back of the "uniform traffic citation, summons, accusation/warning" setting forth the charge against him: "I have been advised of my rights to be represented by counsel and have counsel appointed to represent me if I am indigent; plead not guilty and be tried by a jury or a judge; confront the witnesses against me; and not give incrimination evidence against myself. I hereby waive these rights, state that I have not been induced by any threat or promise to enter this plea and do freely and voluntarily enter my plea of guilty." The appellant was not asked prior to signing this statement whether he had read and understood its contents.

"In *Boykin* [*v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)], the court held that when the accused pleads guilty the record must disclose the defendant's voluntary waiver of his constitutional rights. The court [will] not presume a waiver, if it [is] not affirmatively shown on the record. Id. at 243 and n. 5." *State v. Germany*, 245 Ga. 326, 327 (265 SE2d 13) (1980). The most reliable method of perfecting the record in this regard is to conduct an inquiry into the defendant's understanding of the nature and consequences of his plea. "[T]here is no procedural requirement that the judge personally make all the inquiries provided that they are made in his presence," *State v. Germany*, supra, 245 Ga. 328-9; and the failure to make such an inquiry is not fatal where the record reflects that the defendant was represented by counsel who advised him of all of his rights and of the consequences of entering the plea. See *Huff v.*

*Barnett*, 230 Ga. 446 (197 SE2d 345) (1973). Because the record in the present case reveals without dispute that the appellant was not represented by counsel and that no inquiry whatever was made into his understanding of the consequences of the plea, we must conclude that an affirmative waiver of rights was not established, with the result that the trial court erred in accepting the plea. Compare *Harris v. State*, 167 Ga. App. 153 (1) (306 SE2d 79) (1983); *Tahamtani v. State*, 177 Ga. App. 52 (338 SE2d 488) (1985); *Doby v. State*, 180 Ga. App. 453 (2), supra; *Hayes v. State*, 182 Ga. App. 563 (359 SE2d 164) (1987).

3. The appellant's remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 9, 1989.

*Gilbert J. Murrah*, for appellant.
*Rikard L. Bridges, Solicitor*, for appellee.