## A89A0702. AGERTON v. THE STATE.
(382 SE2d 417)

SOGNIER, Judge.

Hughie P. Agerton pled guilty to charges of driving with a suspended driver's license, possession of marijuana, giving a false name to a police officer, failing to maintain no-fault insurance, and displaying an improper license plate. The trial court sentenced him to 12 months in prison, 4 months to be served, and fined him $1,930. He filed this timely appeal from the trial court's judgment on his plea alleging that the trial court erred by accepting his plea and entering judgment thereon because the guilty plea was not an informed, knowledgeable, and voluntary decision and he was not aware of the relevant circumstances and likely consequences of his decision. We agree and reverse.

There is no affirmative showing in the record that appellant voluntarily and understandingly entered pleas of guilty to the five charges. Indeed, the transcript of the guilty plea hearing reveals that none of the substantive requirements of Fed. R. Crim. P. 11, as interpreted in *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), was followed by the trial court in this case. See Rules 33.7, 33.8, and 33.9 of the Uniform Rules for the Superior Courts, as applicable in state courts, and Uniform State Court Rule 33.11. Although the State makes reference to matters raised at the initial arraignment, inquiry made to the State Court of Decatur County revealed no transcript was made of that hearing. The State has the burden of showing that appellant's plea was intelligently and voluntarily entered. *Dean v. State*, 177 Ga. App. 123, 125 (2) (338 SE2d 711) (1985). Since the entire record, as designated by appellant to be included on appeal, fails to show that appellant was cognizant of all the rights he was waiving and the possible consequences of his plea, and since the State failed to take any action pursuant to OCGA § 5-6-41 (f) to correct the alleged omission or to fill a silent record by use of extrinsic evidence affirmatively showing the guilty plea was knowing and voluntary, see id., the State failed to carry its burden. We will not consider factual representations raised in the State's brief which did not appear in the record. See generally *Rogers v. State*, 182 Ga. App. 599, 600 (1) (356 SE2d 546) (1987).

The State's sole argument is that this appeal must be dismissed because appellant's failure to file a motion to withdraw his guilty plea under OCGA § 17-7-93 (b) leaves a habeas corpus proceeding as his sole remedy. It is well established law that a timely filed appeal from a judgment entered on a guilty plea, such as the appeal brought by appellant, is a prescribed means to challenge that guilty plea. *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984). We note that the passage from *Staley v. State*, 184 Ga. App. 402 (361 SE2d 702) (1987), cited

by the State in support of its argument, provides: "OCGA § 17-7-93 (b) permits a defendant to withdraw a guilty plea as a matter of right before sentence is pronounced. Even after sentencing, the trial court has the discretion to allow the withdrawal of the plea prior to the expiration of the term of court in which the sentence was entered. [Cit.] However, after the expiration of that term *and of the time for filing an appeal from the conviction,* the only remedy available to the defendant would be through habeas corpus proceedings. [Cit.]" (Emphasis supplied.) Id. The emphasized language controls the State's argument adversely to it. We further note that the emphasized language is also the language elided by the State in its citation to this passage in its brief.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1989.

*Ronnie J. Lane,* for appellant.
*Rikard L. Bridges, Solicitor,* for appellee.