## A89A1610. BOWENS v. THE STATE.
(390 SE2d 634)

BEASLEY, Judge.

Bowens was indicted for the murder of his wife. OCGA § 16-5-1. Three days before scheduled trial, he pled guilty to the lesser included offense of voluntary manslaughter, OCGA § 16-5-2 (a), under authority of *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), and was sentenced to twenty years incarceration with credit for time served. He had the assistance of retained counsel but subsequently retained new counsel and within the same term of court moved to withdraw the guilty plea as not having been made intelligently or voluntarily. In the alternative, he moved to reduce the sentence. Bowens also filed a motion for new trial claiming the lack of evidence of guilt, in the existing record. The three motions were denied after a hearing at which Bowens' former counsel and one of the two State's prosecutors involved in the plea testified.

The appeal claims error in refusing to vacate the plea and grant the motion for new trial because the elements of the crime to which he was pleading were not explained to him, he did not know he was admitting intent to commit the crime but entered the plea hoping to receive a lesser sentence of fifteen years, and the record contained an inadequate factual basis for the plea.

1. "A defendant may withdraw his plea of guilty as a matter of right before sentence is pronounced. OCGA § 17-7-93. Even after sentencing, the trial court would have discretion to allow withdrawal of the plea prior to the expiration of that term of court. *Kight v. State*, 158 Ga. App. 698, 699 (282 SE2d 176) (1981). After the term, the prescribed means to withdraw the plea would be through habeas corpus proceedings. *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985). It could not be raised through motion for new trial . . . because a defendant who files a guilty plea cannot move for a new trial since there has been no verdict. *Stevens v. State*, 169 Ga. App. 646, 647 (2) (314 SE2d 481) (1984)." *Sanders v. State*, 179 Ga. App. 168 (1) (345 SE2d 677) (1986). Bowens' motion for new trial was inappropriate and the trial court correctly denied it.

2. Once a defendant raises the issue of intelligent and voluntary waiver with respect to his prior guilty plea, it is the burden of the State to establish a valid waiver. *Pope v. State*, 256 Ga. 195, 209-210 (17) (345 SE2d 831) (1986).

"Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant ' "intelligently and understandingly" ' waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. [Cit.] When

a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered ' "by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill(ing) a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." [Cit.]' [Cit.]" *Wood v. State*, 190 Ga. App. 179, 180 (1) (378 SE2d 520) (1989). The State traveled both avenues.

The plea transcript shows that Bowens responded affirmatively that he was able to hear and understand the court's questions; he was not then under the influence of any alcohol, drugs, or any other substance; he and his attorney had adequate time to talk with each other about the facts in the case, the charges against him, and what he was doing in court that day; his attorney discussed the possible penalties if he went to trial or if he entered his plea of guilty; he understood that if he went to trial he would come into court with the presumption of innocence in his favor and that if he entered the plea of guilty he would be giving up that presumption of innocence; he understood he would be giving up his right to a jury trial, his right not to incriminate himself, the right to question the witnesses in the case who were his accusers, and the right to bring any witnesses to testify in his behalf; no one, including the district attorney, his lawyer, or any police officer had made any threats or promises to influence him to plead guilty; he understood the district attorney had made a recommendation that he be allowed to plead guilty to the offense of voluntary manslaughter and that at that time he was entering a plea of guilty to that offense; he understood that the maximum sentence for voluntary manslaughter would be twenty years to serve and the minimum would be one year; he wished to plead guilty at that time; he understood he was entering the plea under *Alford* in that it was out of fear of greater punishment if he went to trial; he felt the facts of his case were such that if he went to trial he might receive a greater punishment and recommendation from the district attorney; he understood that the district attorney's recommendation was that he be sentenced to twenty years to serve and that the court had stated that if he entered a plea of guilty under the circumstances, that would be his sentence in his case; he wished to enter the plea at that time with his attorney representing him; he was satisfied with the services and advice of his attorney; he understood that he had the right within thirty days from that date to file a petition with the "Judges' " Review Panel to have his sentence reduced, that the review panel could not raise his sentence, and that if he could not afford this or his attorney could not do this and if Bowens sent a written request, the court would appoint a public defender to submit the application for review; he understood

all of the questions and had given the court truthful answers to each of them.

The State then narrated in detail what it believed the evidence at trial would show, which was in essence that Bowens encountered his wife driving his car and shot her because he was unhappy that she was out in his car at a time when she was not supposed to be. The gun was his own, and he left it at his grandmother's house nearby, right after the shooting. Bowens' counsel concurred with the State's statement and stated that his client was entering the plea because Bowens felt the evidence was sufficient to convict him in a jury trial, but that he was not admitting he committed the act.

The court told Bowens that it was its intent to follow the district attorney's recommendations and to give him credit for jail time. Bowens stated to the court the date of his arrest. The court asked Bowens if it was still his wish to plead guilty with the understanding that the sentence would be twenty years with credit for jail time. Bowens responded affirmatively and the court accepted the plea, specifically finding that it was made freely, understandingly, and voluntarily.

The plea transcript thus belies appellant's contentions that his plea was not entered into intelligently and voluntarily. He expressly accepted the reduced charge and relinquished the rights he would have had at trial, knowing the sentence the court would impose. Counsel stated that appellant was not admitting the crime but was pleading guilt for the possibility of a reduced sentence under the authority of *Alford*.

The hearing on appellant's motions also provides unequivocal evidence in support of the plea. Appellant, a thirty-two-year-old high school graduate, admitted going over the State's evidence with his attorney on the day of the plea, understanding the meaning of a plea under *Alford*, and remembering the court's questioning at the plea, including the court's informing him that the court would follow the State's recommendation of a twenty-year sentence. Counsel testified that prior to the plea, he and Bowens discussed in detail the nature of the evidence, the possibility of an *Alford* plea, and the elements of voluntary manslaughter and murder. Counsel further testified that when the plea was entered Bowens was aware of the State's recommendation, understood the language, did not appear to be under the influence of alcohol, drugs, or other mind-altering substances, was aware of all the possible alternatives and what was at stake, that it was ultimately Bowens' choice to enter the *Alford* guilty plea, and that he thought Bowens entered the plea freely and voluntarily.

Inasmuch as the extrinsic evidence as well as the plea colloquy, see *Pope*, supra, establish without material dispute the voluntariness of the plea, the trial court did not abuse its discretion in refusing to

permit withdrawal of the plea or a reduction of sentence.

*Judgments affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 5, 1990.

*David S. Walker, Jr.,* for appellant.

*Robert E. Wilson, District Attorney, Robert M. Coker, Shawn Lagrua, R. Stephen Roberts, Assistant District Attorneys,* for appellee.