## A90A1558. BULLARD v. THE STATE.
(402 SE2d 539)

COOPER, Judge.

On May 8, 1990, appellant filed a pro se notice of appeal from his plea of guilty to battery made on April 4, 1990, in the State Court of Clayton County. On June 18, 1990, this court ordered him to file an enumeration of error and brief no later than June 25, which to date, he has failed to do. The State filed a motion to dismiss the appeal as untimely, for insufficient service and for failure to file an enumeration of error or a brief.

1. "Notwithstanding [appellant's] failure to comply with the rules and order of this court, we decline to dismiss his appeal, but instead we will review the record . . . and make a decision based upon the merits of the case. [Cit.]" *Cleveland v. State*, 193 Ga. App. 621 (1) (388 SE2d 748) (1989).

2. Appellant's notice of appeal states that he has "a serious claim" that he was denied due process. There is no transcript of the hearing on the entry of his guilty plea. The record contains an arraignment and plea statement form filled in and signed by appellant, which states that he understood that he had the right to plead not guilty and to have an attorney appointed to represent him; that if he plead guilty he would give up all rights guaranteed him; and that he had read the accusation brought against him, understood the nature of the charges and the consequences of his plea but freely and voluntarily waived counsel. The statement reveals that defendant was 28 years old, had attended school through the ninth grade and attained a GED certificate. The form is also signed by the trial judge, attesting that the statement was made by the defendant in his presence, that

the court was satisfied the defendant understood all rights applicable to him, the nature of the charges against him, the consequences of his plea and that the defendant had freely and voluntarily tendered his plea to the court. The statement further bears the signed notation of the trial judge that he personally read it to the defendant.

This procedure was in compliance with the Uniform Rules for the State Courts 33.1 and 33.11, as well as with the Uniform Rules for the Superior Courts 33.7 through 33.11. We find it was sufficient to show that appellant's plea of guilty to battery was knowingly and voluntarily made with a full understanding of the charges against him and the consequences of his plea, and that there was no denial of due process. See *Withers v. State*, 193 Ga. App. 366 (387 SE2d 647) (1989); *Morgan v. State*, 191 Ga. App. 367 (1) (381 SE2d 583) (1989). Compare *Lewis v. State*, 191 Ga. App. 509 (2) (382 SE2d 207) (1989).

*Judgment affirmed. Birdsong, P. J., concurs. Banke, P. J., concurs specially.*

BANKE, Presiding Judge, concurring specially.

I am compelled to concur in Division 1 only because the majority of our Supreme Court and the majority of this court have previously spoken on this issue.

Nevertheless, I do not believe we discharge our institutional duty fairly and properly service our constituencies, the bench or the bar when we promulgate rules for the orderly operation of this court and then fail, selectively, to enforce them. As I previously said, a case in this posture should be dismissed.

DECIDED FEBRUARY 18, 1991.

Paul S. Bullard, *pro se.*
*Keith C. Martin, Solicitor, Kimberly C. Carr, Assistant Solicitor,* for appellee.