A90A1546. IN THE INTEREST OF G. G. L., a child.
(405 SE2d 100)

POPE, Judge.

G. G. L., a minor, was adjudicated delinquent for the offense of motor vehicle theft. The juvenile court ordered restrictive custody and G. G. L. brings this appeal.

1. G. G. L. argues the juvenile court should have declared a mistrial as a result of improper argument made by the prosecutor in her closing argument to the juvenile court in which she referred to prior offenses committed by G. G. L. The juvenile court responded, on its own motion, pointing out to the prosecutor the impropriety of her remark and telling her that had it been made in front of a jury, the court would have had to declare a mistrial. In a case tried to the court alone, the same strictness regarding the admission of evidence need not be observed. The judge is presumed to be able to separate the admissible from the inadmissible. *Ward v. State*, 26 Ga. App. 61 (105 SE 373) (1920). The record shows the juvenile court was aware of its duty to decide the case based solely upon the evidence relating to the offense for which G. G. L. was being tried and that the judge said he would so decide the case. No error occurred.

2. G. G. L. argues the juvenile court judge should have recused himself on his own motion because he was aware of G. G. L.'s previous record. We do not agree. As we noted in Division 1, supra, the juvenile court judge affirmatively stated that he would decide the case based solely upon the evidence presented at the hearing.

3. G. G. L. argues that he received ineffective assistance of counsel at trial. The record shows that trial counsel was different from counsel on appeal. Trial counsel filed the motion for new trial and the issue of ineffective assistance of counsel was not raised in the trial court. In an order dated November 28, 1989, the trial court: (1) in Paragraph 1 denied the motion for new trial filed by trial counsel; (2) in Paragraph 2, the court granted trial counsel's request to withdraw; (3) in Paragraph 3, the court appointed present counsel, and (4) in Paragraph 4, the court directed trial counsel to inform immediately present counsel of his appointment. Present counsel filed notice of appeal on December 27, 1989. Thus, the issue of ineffective assistance of counsel is raised for the first time on appeal.

This situation is controlled by our decision in *Weems v. State*, 196 Ga. App. 429 (3) (395 SE2d 863) (1990). We must remand the case to the trial court for an evidentiary hearing on the issues raised regarding ineffective assistance of counsel.

*Judgment affirmed and case remanded with direction. Sognier, C. J., McMurray, P. J., Banke, P. J., Birdsong, P. J., Carley and Cooper, JJ., concur. Andrews, J., concurs in judgment only. Beasley, J., dissents.*

Beasley, Judge, dissenting.

I respectfully dissent based on the reasoning in the dissent in *Kinney v. State*, 199 Ga. App. 354 (__ SE2d __) (1991).

DECIDED MARCH 15, 1991.

*Kunz & Lewis, Robert A. Kunz*, for appellant.

*Frank C. Winn, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.