A91A1349. HADFIELD v. THE STATE.
(411 SE2d 580)

Judge Arnold Shulman.

The appellant pled guilty to one count of aggravated assault and one count of robbery and was sentenced to 20 years imprisonment on each count, to be served concurrently. At the time he entered the pleas, the appellant was represented by the public defender. However, he filed his notice of appeal pro se; and after the case was docketed in this court, the trial court appointed other counsel to represent him on appeal. Said counsel sought and obtained from the trial court leave to file an out-of-time motion for new trial challenging the effectiveness

of the representation provided by the public defender and thereafter filed a motion in this court requesting that the case be remanded to the trial court for a ruling on the motion for new trial. We denied the motion for remand, based upon the principle that " 'a defendant who files a guilty plea cannot move for a new trial since there has been no verdict. [Cit.]' [Cit.]" *Bowens v. State*, 194 Ga. App. 391 (1) (390 SE2d 634) (1990). The appellant contends in the present appeal that the record fails to establish that he received effective assistance of counsel in the court below or that he entered his pleas intelligently and voluntarily.

A "pre-trial conference" was held in open court on March 15, 1991, for the purpose of assisting the appellant and other criminal defendants in determining whether they wanted to plead guilty to the charges against them. During this proceeding, the state's attorney outlined the facts which it expected to prove in the appellant's case and made certain disclosures to the court concerning the appellant's prior criminal record. The trial court then advised the appellant as follows: "Well, Mr. Hadfield, I don't know anything about the facts of this case other than what [the state's attorney] has just told me, and so anything I say depends upon his being able to prove that or your acknowledgement that you are guilty of something. If he is able to prove all he has told to me of those two incidences, and probably whether it comes as a result of a plea or a jury trial, my conclusion is going to be that someone who did that with that record is the reason we have prisons. . . . And so I am telling you that if you are convicted in this courtroom for these offenses or you enter a guilty plea to those offenses, your sentence is going to be very lengthy, and I am probably not going to go along with the state's recommendation to make all the sentences concurrent."

Four days later, the appellant pled guilty to the two offenses at issue. Immediately prior to doing so, he was advised by the court that by pleading guilty he was giving up his right to a jury trial at which he would have the right to be represented by an attorney, to be presumed innocent until proven guilty, to testify or not testify according to his wishes, and to subpoena witnesses to testify on his behalf. The appellant acknowledged that he understood this, denied that anyone had made any threats or promises to induce him to plead guilty, and affirmed that he was entering his pleas freely and voluntarily. He then admitted that he was in fact guilty of the offenses at issue. Asked if he wanted to say anything before sentence was imposed, he replied, "I would like to apologize to the victims."

After announcing the sentence, the judge advised the appellant as follows: "I want to make sure that you understand that as of this moment right now, you've got the right to withdraw your plea if you want to do so and we'll have a jury trial. I don't want you to feel any

undue pressure, any pressure from me or anybody else in the system. If you have any questions about whether this is what you want to do, now is the time to let us know because we'll start your trial right away." The appellant responded by asking to confer with his attorney, and following an off-the-record discussion, his attorney informed the court that the appellant desired "to go ahead with the plea as it is right now."

1. The appellant complains that the trial court failed to advise him that he would have the right to confront and cross-examine the witnesses against him if he went to trial, failed to make an affirmative finding that his pleas were knowingly and voluntarily entered, and failed to state on the record that there was a factual basis for the entry of the pleas. Notwithstanding these omissions, it is clearly apparent from the record both that a factual basis existed for the pleas and that the appellant was entering them freely and voluntarily, with a full understanding of the nature of the charges and the consequences of pleading guilty. See generally *Haggins v. State*, 259 Ga. 188, 189 (380 SE2d 711) (1989); *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) (1982). Accordingly, these asserted deficiencies establish no ground for reversal. Accord *Scurry v. State*, 194 Ga. App. 165 (390 SE2d 255) (1990).

2. The appellant contends that his trial counsel rendered ineffective assistance by not filing pre-trial motions, not giving him a copy of his file, and not objecting or filing a motion for recusal in response to the trial judge's statement at the pre-trial conference that if the state was able to prove its factual allegations, then "probably whether it comes as a result of a plea or a jury trial, my conclusion is going to be that someone who did that with that record is the reason we have prisons. . . ." We are at a loss to understand how the judge's disclosure that he intended to impose a lengthy sentence in the event the state was able to prove its factual allegations could be considered an expression of bias or prejudice against the appellant. With respect to counsel's failure to file pre-trial motions, the record reflects that counsel did file a motion to suppress identification testimony, and the appellant's counsel on appeal has not suggested what additional motions would have been appropriate. With respect to the appellant's failure to receive a copy of his file, there is no suggestion that the file contained anything which might have militated against his decision to plead guilty. Moreover, the record shows that when this matter was raised at the pre-trial conference, the appellant's counsel responded as follows: "The file that I have is essentially what [the state's attorney] was kind enough to let me go through and get the statements and things like that, and [the appellant] had the time to read over that, and I sat there and basically occupied myself while [he] read over that at quite some length. I guess I was there at least two hours

the last time I talked with him when he went over the file." It is thus apparent that the appellant's decision to plead guilty in this case was not attributable to ignorance concerning the contents of his attorney's file.

3. We have carefully considered the appellant's remaining contentions, and to the extent they are not fully covered by the foregoing, we have found them also to be without merit.

*Judgment affirmed. Carley, P. J., concurs and Beasley, J., concurs in judgment only.*

DECIDED OCTOBER 23, 1991.

Mark W. Hadfield, *pro se.*
*William T. Hankins III*, for appellant.
*Robert E. Wilson, District Attorney, Gregory A. Adams, Barbara B. Conroy, Assistant District Attorneys*, for appellee.