### A92A0378. MERIWETHER v. THE STATE.
(418 SE2d 451)

JOHNSON, Judge.

Robert L. Meriwether was charged with one count of aggravated assault. After a jury trial, Meriwether was found guilty and sentenced to 12 years in prison. No motion for a new trial was filed. Meriwether appeals his conviction.

It is uncontested that Meriwether shot Felix Holloway once in the stomach in a dispute over an amplifier. At the time of the shooting, Holloway was raking the yard outside his house. As his defense, Meriwether asserted that he was afraid that Holloway would injure

him with the rake, and fired the shot in self-defense.

1. Meriwether asserts as his first two enumerations of error that trial counsel: 1) failed to procure the attendance of certain defense witnesses; and 2) did not request a continuance for the purpose of securing their presence. No objection to the absence of the witnesses nor motion for continuance was made at trial.

It is clear that appellant is attempting to raise the issue of ineffective assistance of counsel because the first two enumerations deal with conduct of trial counsel and not with any action or inaction by the trial court. The issue of ineffective assistance must be considered as being raised on appeal. Thus, the question becomes whether or not the case must be remanded under *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986) or whether we must hold that the issue has been waived. In this case, trial counsel did not file a timely notice of appeal. Meriwether petitioned for an out-of-time appeal which was granted by the trial court on September 19, 1991. At that time new counsel was appointed to pursue the appeal. No motion for new trial was filed. Instead, a notice of appeal was filed on October 23, 1991. The order granting an out-of-time appeal was entered after the Supreme Court's decision in *Ponder v. State*, 260 Ga. 840, 841 (400 SE2d 922) (1991). Accordingly, we believe that *Ponder* controls. In *Ponder*, the Supreme Court held "that the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial subsequent to the grant of the out-of-time appeal in which the issue is raised and resolved by means of an evidentiary hearing. [Cits.]" In this case counsel did not pursue a motion for new trial after the grant of the out-of-time appeal and therefore the issue has been waived. Compare *Johnson v. State*, 259 Ga. 428 (383 SE2d 115) (1989), and *Haas v. State*, 262 Ga. 169 (416 SE2d 88) (1992).

2. Meriwether contends that the weight of the evidence is contrary to the verdict. We disagree. In addition to the victim, several eyewitnesses to the incident testified at trial. Meriwether himself admitted the shooting both in a written statement to the police following his arrest and at trial. The jury was charged on the defense of justification, but did not find that the shooting was in self-defense. Reviewing the record in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Meriwether guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Finally, Meriwether asserts that he is entitled to a new trial on the basis of newly discovered evidence. The new evidence, he contends, would show that the victim has a history of violence and that family members who testified at trial were attempting to attack Meriwether when the shooting occurred. It is clear from a review of the record, however, that Meriwether testified at trial about prior acts of violence by the victim and he feared that family members were approaching him. We therefore do not see the novelty of evidence of the history of violence. No motion for a new trial based on newly discovered evidence was submitted to the trial court for consideration and therefore there is no ruling for us to review. "[E]numerations of error which raise questions for the first time on appeal present nothing for decision." (Punctuation and citations omitted.) *Martin v. State*, 196 Ga. App. 145, 148 (4) (395 SE2d 391) (1990).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 30, 1992.

*Richard L. Montgomery*, for appellant.

*Peter J. Skandalakis, District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.