## A92A0471. THOMPSON v. THE STATE.
(419 SE2d 541)

SOGNIER, Chief Judge.

Charles Edward Thompson pled guilty to possession of cocaine. He appeals, alleging that his plea was not knowingly and voluntarily entered and that he failed to receive effective assistance of counsel.

1. We have examined the transcript of the plea hearing, and find that at the time the plea was accepted, appellant was cognizant of all the rights that he was waiving and of the possible consequences of his plea. See *Haggins v. State*, 259 Ga. 188 (380 SE2d 711) (1989).

2. We agree with appellant that he did not waive his claim of ineffectiveness of previous counsel. Given that appellant is now represented by new counsel who filed a timely notice of appeal, and that this court has held that a motion for new trial is not a proper vehicle for contesting a guilty plea, see *Lamons v. State*, 170 Ga. App. 745 (318 SE2d 509) (1984), we conclude that despite its being raised here for the first time, appellant's claim of ineffectiveness of trial counsel was raised at the earliest opportunity at which it could have been raised. *Brooks v. State*, 198 Ga. App. 17 (401 SE2d 78) (1990). See generally *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988); compare *Williams v. State*, 202 Ga. App. 650 (415 SE2d 67) (1992) (claim of ineffectiveness of trial counsel waived where after trial resulted in conviction, new counsel failed to file motion for new trial despite opportunity to do so). Accordingly, appellant's claim of ineffectiveness of trial counsel is remanded to the trial court for an evidentiary hearing.

*Judgment affirmed as to Division 1. Remanded for appropriate action as to Division 2. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 8, 1992.

*J. Michael Bass*, for appellant.

*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney,* for appellee.