## A92A0596. HOLT v. THE STATE.
(421 SE2d 131)

BIRDSONG, Presiding Judge.

Terry Holt appeals out-of-time following his March 29, 1991 plea of guilty to the offense of child molestation. On an earlier appeal (Case No. A92A0059, in which the out-of-time notice of appeal was filed September 12, 1991), we remanded the case for consideration whether appellant could represent himself and whether appellate counsel's request to withdraw should be granted, and we specified that the appeal could then be reinstated by an out-of-time appeal. On remand the trial court ruled that appellant could represent himself on appeal and appellate counsel could withdraw. The trial court expressly found also that following his plea of guilty and sentence to ten years imprisonment, appellant made filings complaining of ineffective assistance of counsel during his guilty plea and waiver of jury trial; new counsel was appointed who, on September 12, 1991, obtained permission for an out-of-time appeal; however, on September 13, 1991, and twice again appellant notified the trial court that he did not want an attorney on his appeal, whereupon the trial court allowed appellate counsel to withdraw.

Following this November 25, 1991 order appellant pro se filed a notice of appeal from "the judgment of conviction and sentence." *Held*:

1. After filing this notice of appeal out-of-time on December 2, 1991, thereafter on December 9, 1991, appellant filed an inaptly titled "motion for out-of-time appeal" in the trial court, requesting the trial court to issue an order allowing an out-of-time appeal to be filed "due to newly discovered evidence and under some very unusual circumstances." When, after the trial court's ruling that appellant could represent himself in his appeal, appellant filed his notice of appeal from the judgment of conviction upon guilty plea and sentence, his notice of appeal operated to remove jurisdiction from the trial court. *Dalton Amer. Truck Stop v. ADBE Distrib. Co.*, 146 Ga. App. 8 (245 SE2d 346). The trial court was therefore without jurisdiction to consider appellant's subsequently filed motion as to newly discovered evidence.

2. The trial court did not err in allowing appellate counsel to withdraw and in permitting appellant to represent himself. See *Dobbins v. Dobbins*, 234 Ga. 347 (216 SE2d 102); *Coursey v. State*, 196 Ga. App. 135, 137 (5) (395 SE2d 574).

3. The enumerations of error framed by appellant are that the trial court erred in not allowing him to examine his defense and pros-

ecution witnesses; that the trial court erred in not affording him the right to present his wife's prior statement in evidence; that prosecutorial misconduct resulted in admission of false statements in the trial to force a guilty plea; and that the prosecution threatened appellant and kept him from testifying before a jury.

The issues presented by appellant are equivalent at least to an assertion that he was denied effective assistance of trial counsel and that his waiver of trial and guilty plea were involuntary. The trial court's order following the first remand of this case does not disclose that appellant waived consideration of the claim, and we will not hold that he did, inasmuch as he raised it pro se in the trial court prior to any appeal and he sought a procedure wherein the court could resolve the issues raised, he raised it pro se in his first appeal when appointed counsel filed a notice of appeal without having obtained a hearing on the issue in the trial court, and he raised it again in this second appeal.

It is settled that where the issue of ineffectiveness of counsel is raised for the first time on appeal, the case must be remanded to the trial court for an evidentiary hearing on the claim. *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115); *Kinney v. State*, 199 Ga. App. 354 (2) (405 SE2d 98); *In the Interest of G. G. L.*, 199 Ga. App. 357 (405 SE2d 100); *Weems v. State*, 196 Ga. App. 429 (3) (395 SE2d 863). The law in these cases is that an evidentiary hearing must be held at the earliest practicable moment. *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664). In *Ponder v. State*, 260 Ga. 840, 841-842 (400 SE2d 922), the Supreme Court held that "a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing." But, in that case the Supreme Court remanded the matter for an evidentiary hearing because, "[Ponder] did raise the issue of ineffective assistance of counsel prior to the appeal: albeit unartfully and incompletely . . . it would be manifestly unfair to deny appellant an opportunity to follow the procedure we have set out above"; the case was remanded "for the purpose of permitting [Ponder] to file a motion for new trial." Id. at 842.

A motion for new trial is not the proper vehicle for contesting a guilty plea; rather it may be challenged for the first time on appeal. See *Agerton v. State*, 191 Ga. App. 633 (382 SE2d 417), citing *Smith v. State*, 253 Ga. 169 (316 SE2d 757).

The court in *Ponder* had difficulty with the "manifest unfair[ness]" of holding that Ponder's claim had been waived when in fact he had raised it prior to appeal. Compare *Meriwether v. State*, 204 Ga. App. 113 (418 SE2d 451) (1992), where the claim was raised for the first time on an out-of-time appeal. The goal, according to the

Supreme Court in *Ponder,* is that "at the earliest practicable moment" (id. at 840) appellant "must present the issue of ineffective assistance of counsel to the trial court" (id. at 842); *Lloyd v. State,* 258 Ga. 645, fn. 1 (373 SE2d 1). So, the issue may be raised for the first time in the direct appeal if the direct appeal marks the first appearance of new counsel (*White v. Kelso,* 261 Ga. 32 (401 SE2d 733), citing *Johnson v. State,* 259 Ga. 428 (383 SE2d 115)) but, where new counsel amends a motion for new trial without raising the issue of ineffective assistance so that it may be heard in the trial court, the issue is waived. *White,* supra, citing *Thompson v. State,* 257 Ga. 386 (359 SE2d 664). As to this, the Supreme Court said in *White* at 33, a habeas corpus case, that "[a] pro se petitioner is in a position similar to that of new counsel," and when that pro se petitioner made his first appearance in his own behalf, the claim of ineffective assistance of counsel had "already been waived by his appellate counsel." Id. However, the Supreme Court held that the procedural bar to the claim "does not apply when the petitioner shows cause and prejudice as described in *Black v. Hardin* [255 Ga. 239 (336 SE2d 754)], or when the procedural bar will work a miscarriage of justice." *White,* supra at 33. The court concluded that appellant showed neither "cause for appellate counsel's failure to raise the claim [nor] any prejudice arising therefrom. Further, the record does not reflect any miscarriage of justice. Finally, petitioner does not argue that his appellate counsel rendered ineffective assistance."

This statement just quoted appears to recognize a fundamental problem in holding that ineffective appellate counsel may waive a defendant's claim of ineffective assistance of trial counsel. If the defendant has a right to effective assistance of trial counsel, then it is hard to see why he would not have a right to effective assistance of appellate counsel. If it is deemed that a defendant's appellate counsel, by ineffectiveness, effectively waived his right to claim ineffective assistance of trial counsel, this in itself would seem to work a manifest "unfairness"; hence, the procedure for raising the claim has been modified until finally the defendant may be allowed to have a hearing on claim of ineffectiveness of trial counsel simply by showing "miscarriage of justice," cause for the failure to raise the claim or prejudice. See *White* at 33; see also *White* at 32, where the rule is now stated not in context of "trial" and "appellate" counsel, but in context of "new counsel" and "previous counsel."

The claim of ineffective assistance of trial counsel with respect to voluntariness of this guilty plea was not made in this case for the first time on appeal. It was first made in the trial court by appellant pro se by filings and motions filed in September, 1991, six months after his guilty plea hearing. Thereafter, newly appointed (appellate) counsel brought the case to appeal without invoking a hearing on the claims

and issues which appellant pro se had already raised, "albeit unartfully." *Ponder*, supra at 842 (2). The record shows, however, that appellant pro se filed a motion in superior court entitled "Motion to Stay" four days after appellate counsel had filed a notice of appeal. In this motion appellant asked for a stay of an out-of-time appeal "[in part because] defendant may not feel the . . . pleadings [filed by appellate counsel including notice of appeal] are the proper remedy at this stage to file due to newly discovered evidence and under some very unusual circumstances." In this motion which attempts to reassert his claim as to ineffective assistance of trial counsel, appellant pro se also requested the court to "properly and adequately make essential preparation to determine the appropriate avenue to remedy the unconstitutional error." In this clear if unartful request, made after appointed appellate counsel had filed a notice of appeal without ever having talked to appellant (according to an affidavit filed by appellant with his "Motion to Stay"), appellant seeks a remedy from the trial court which could only be afforded by a hearing. We thereafter remanded the case for determination whether appellant could represent himself. Although the motion requesting the court to "adequately make essential preparation to . . . remedy the unconstitutional error" was filed after notice of appeal when the trial court did not have jurisdiction of the case, the trial court had notice of it in the record.

We are hard put to say appellant never presented to the trial court his claim of ineffective assistance of counsel, or that he did not do so at the earliest practicable opportunity (see *White*, supra; *Ponder*, supra; *Johnson*, supra), and we are hard put to say the claim was waived by appellate counsel when the appellant pro se, though unartfully (*Ponder*, supra), not only raised the claim in the trial court but also sought a procedure wherein to resolve and remedy the errors he claimed. In its order on remand determining that appellant could represent himself, the trial court expressly noted his claim of ineffectiveness of counsel and did not indicate that appellant had waived it. On reinstatement of the appeal, appellant pro se again raises the claim. The purpose of the procedural rules developed in these cases is consistent: to ensure that the issue of ineffective assistance of counsel is raised at the first possible stage of post-conviction review so that the matter may be promptly resolved by the trial judge. *White*, supra at 32; *Ponder*, supra at 842. We will not hold that appellant waived the issue in this case. The claim raised by appellant pro se in the trial court prior to any appeal, and as to which he sought a hearing and has consistently reasserted pro se, requires a remand for an evidentiary hearing. See *Dawson v. State*, 258 Ga. App. 380 (369 SE2d 897); *Johnson*, supra; *Weems*, supra at 430. As to the issues on the hearing on effectiveness of trial counsel in connection with a guilty plea, see

*Hatcher v. State*, 259 Ga. 274 (1) (379 SE2d 775).

4. The State has failed to file a brief in this appeal and has therefore made no attempt to meet the contentions raised by appellant. In view of his claims of ineffective assistance of trial counsel, it cannot be determined from the transcript of the guilty plea hearing that his plea was voluntary. As to voluntariness of guilty pleas generally, see *Morgan v. State*, 191 Ga. App. 367, 368 (381 SE2d 583); *Agerton v. State*, 191 Ga. App. 633, supra; and *Dean v. State*, 177 Ga. App. 123, 125 (338 SE2d 711). The transcript shows inter alia that appellant made his plea of guilty upon a certain agreement by the prosecution, and the record does not show whether this agreement was fulfilled. Trial counsel stated he had no idea of the whereabouts of the victim and her mother (appellant's wife) and said, "I have not been in contact with them." The district attorney rejoined that he had talked to the child but "as far as the mother, I really don't know." Appellant now claims he would not have given up his right to subpoena these persons if he had known they could be made available to testify at a trial. In view of the State's failure to file a brief, we cannot hold the State has borne its burden to prove appellant's plea was voluntarily and freely made. The case is remanded as above stated, for proceedings not inconsistent with this opinion, to address the matters fairly raised by appellant pro se, in particular so that appellant can file a motion for new trial to obtain a hearing on his claim as to ineffective assistance of counsel and his other justiciable claims. See *Ponder*, supra.

*Case remanded with direction. Sognier, C. J., McMurray, P. J., and Cooper, J., concur. Pope, J., concurs specially. Carley, P. J., Beasley, Andrews and Johnson, JJ., dissent.*

POPE, Judge, concurring specially.

I agree with all that is said by the majority in this case including the majority's conclusion that the case should be remanded so that a hearing can be held on defendant's ineffectiveness of counsel claim. However, I write separately in order to enunciate specifically my disagreement with the dissent and also to urge that the case of *Thompson v. State*, 204 Ga. App. 220 (419 SE2d 541) (1992), as more particularly set out below, should be disapproved. I would also urge an alternative to the circuitous appeal resulting from the decision in *Thompson*.

The dissent holds that the only procedural avenue available to a defendant to contest the validity of a guilty plea after the term of court in which the plea was entered has expired is a habeas corpus proceeding. That holding, however, overlooks the fact that the Georgia appellate courts have recognized the procedure of allowing a defendant to challenge his guilty plea via an out-of-time (and out-of-

term) appeal. See, e.g., *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991) Moreover, "[t]he State of Georgia recognizes the right to effective assistance of counsel at trial and on first appeal as of right 'and has provided for ameliorative relief in the form of an out-of-time appeal.' *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) [(1985)]." *Brantley v. State*, 190 Ga. App. 642, 643 (1) (379 SE2d 627) (1989). In *Hunter v. State*, supra, the defendant had entered a guilty plea to murder and other offenses in 1974. In 1990, he filed a "Motion for Out-of-Time Appeal." In reaching the result in *Hunter*, the Georgia Supreme Court expressly recognized that "[a]n out of time appeal occasionally is appropriate where, due to ineffective assistance of counsel, no appeal has been taken. (Cit.)" *Hunter*, 260 Ga. at 762. However, the court went on to hold that the defendant in that case was not entitled to an out-of-time appeal on this basis because his ineffective assistance claims had been decided adversely to him in a previous habeas proceeding. Id. However, the court did not intimate that defendant could raise his claims only in habeas proceedings, only that that issue had already been decided in that case.[1] See also *Holbrook v. State*, 171 Ga. App. 449 (320 SE2d 637) (1984) (upholding the trial court's denial of defendant's request for out-of-time appeal, made approximately three years after the entry of his guilty plea, because defendant did not claim substantive or technical ineffectiveness).

The dissent, however, correctly notes that the procedure recognized in *Thompson v. State*, 204 Ga. App. 220, supra, sanctions circuitous appeals in cases in which motions for out-of-time appeals are granted.[2] Although the procedure adopted in *Ponder v. State*, 260 Ga. 840, 841 (400 SE2d 922) (1991) is not strictly applicable to the situation in the case at bar, inasmuch as a motion for new trial is not a proper vehicle to challenge a guilty plea, I believe the *spirit* of *Ponder* should be followed and a defendant should be allowed to raise the issue of trial counsel's ineffectiveness in the trial court within 30 days following the grant of his motion for out-of-time appeal, and to request an evidentiary hearing on that issue. If the trial court rules adversely to defendant he should then be allowed, within 30 days, to file his out-of-time appeal to the appropriate appellate court. The use of

---

[1] I agree that the only avenue available to a defendant who has been denied the right to file an out-of-time appeal by the trial court (and that denial has been affirmed by the appellate courts) is a habeas proceeding.

[2] I also agree with the dissent's observation that *Thompson* appears to be inconsistent to the extent that it holds, in Division 1, that the plea is valid but then goes on, in Division 2, to remand the case to the trial court so that a hearing can be held on defendant's ineffectiveness claim. Consequently, I would disapprove of the holding in *Thompson*, to the extent that it suggests that a determination on the validity of the plea can be made prior to the determination of whether the plea was entered with effective assistance of counsel, when such issue is properly raised by the defendant.

this procedure in a case involving an out-of-time appeal challenging a guilty plea will serve the same two purposes that it did in *Ponder* in the post-conviction context, in that it "will settle the question of when a person pursuing an out-of-time appeal must present the issue of ineffective assistance of counsel to the trial court and will meet the goal expressed in *Lloyd v. State*, 258 Ga. 645, fn. 1 (373 SE2d 1) (1988), that such claims be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas (corpus) court somewhere down the road." *Ponder*, 260 Ga. at 842 (1). Furthermore, it solves the dilemma of how to avoid circuitous appeals on this issue, since if the defendant does not promptly raise the issue of counsel's effectiveness during the 30-day period after his motion for an out-of-time appeal is granted, he will be deemed to have waived that issue on appeal.

As in *Ponder*, the defendant in this case raised the issue of ineffective assistance of counsel, albeit unartfully and incompletely, in pleadings filed with the trial court before his notice of out-of-time appeal was filed. Consequently, this case should be remanded to the trial court so that a hearing can be held on defendant's claims concerning his counsel's effectiveness.

BEASLEY, Judge, dissenting.

In essence, appellant is challenging the validity of his guilty plea, claiming that ineffective assistance of counsel infected it. A plea of guilty must be made knowingly, voluntarily, and with an understanding of the consequences. *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). See *Haggins v. State*, 259 Ga. 188 (380 SE2d 711) (1989), which applies this. If a defendant did not receive effective assistance of counsel, the plea is not intelligently and voluntarily made. *McBryar v. McElroy*, 510 FSupp. 706 (N.D.Ga. 1981); *Logan v. State*, 256 Ga. 664, 665 (352 SE2d 567) (1987). See *Kight v. State*, 158 Ga. App. 698, 699 (282 SE2d 176) (1981).

If a defendant believes that he was deprived of effective assistance of counsel in entering his plea, he has a right to withdraw it "[a]t any time before judgment is pronounced." OCGA § 17-7-93 (b). Even after that time, a motion to withdraw may be made in term, but it addresses itself to the sound discretion of the trial court. *State v. Kight*, 175 Ga. App. 65 (1) (332 SE2d 363) (1985). See also *Kight v. State*, supra, 158 Ga. App., where the issue was whether counsel had effectively represented defendant, and *Wood v. State*, 190 Ga. App. 179, 180 (1) (378 SE2d 520) (1989), where the grounds of the motion constituted a challenge to the effectiveness of counsel.

"Where the question on appeal [of a judgment entered on a guilty plea] is one which may be resolved by facts appearing in the record . . . , a direct appeal will lie." *Smith v. State*, 253 Ga. 169

(316 SE2d 757) (1984). This would include an out-of-time appeal, if a motion for such is granted by the trial court. See *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991), where it was recognized that a ground for allowing a late direct appeal is the failure of defendant's counsel to file a timely appeal. Otherwise, "the only prescribed means for the appellant's filing the motion to withdraw his guilty plea, after the term of court at which the judgment of conviction was rendered, [is] through habeas corpus proceedings." *Conlogue v. State*, 243 Ga. 141, 142-143 (253 SE2d 168) (1979).[3] See *State v. Kight*, supra, 175 Ga. App. at 66; *Staley v. State*, 184 Ga. App. 402 (361 SE2d 702) (1987); *Bowens v. State*, 194 Ga. App. 391 (390 SE2d 634) (1990).

Habeas corpus is the remedy in this case, not a remand. The issues sought to be raised, as summarized at the beginning of Division 3 of the majority opinion, are not subject to direct appeal because they cannot be resolved "by facts appearing in the record." *Smith*, supra. Compare *Lewis v. State*, 191 Ga. App. 509 (382 SE2d 207) (1989). Since Holt's challenge to the effectiveness of counsel would require additional inquiry and the presentation of evidence, it is not subject to a direct appeal, and the judgment of conviction and sentence should be affirmed.

The procedure created in *Thompson v. State*, 204 Ga. App. 220 (419 SE2d 541) (1992), and followed in this case, delays finality of judgments based on guilty pleas by permitting an appeal, an automatic remand, and another appeal after a hearing and adverse decision by the trial court, when a defendant does not challenge the validity of his plea within the term in which it is entered and the validity as to effectiveness of counsel may not be tested on the existing record. If the term goes by before defendant realizes he or she wishes to complain of counsel's representation, "the earliest practicable opportunity" for a hearing on the issue is a habeas corpus proceeding, not a circuitous appeal and especially an out-of-time appeal and eventual remand for a hearing before the issue is addressed.

*Thompson*, moreover, appears to present an inconsistency. If the plea is held to be valid, as was done in Division 1 of that opinion, then how at the same time can it be open to a charge of invalidity because possibly infected by inadequate counsel?

I am authorized to state that Judge Andrews and Judge Johnson join in this dissent.

DECIDED JULY 16, 1992.

---

[3] Dicta appearing in *Conlogue* to the effect that there is no appeal from a judgment entered on a guilty plea was disapproved in *Smith*.

Terry Holt, *pro se.*
H. *Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney,* for appellee.