### STINCHCOMB *v.* THE STATE.

Where an accused person is indicted, with an alias, under more than one name, a special plea of misnomer, to be good, must aver unequivocally that the accused has never been known by either of the names set out in the indictment, and that neither is his true name.

Argued January 19, — Decided February 12, 1904.

Indictment for disturbing public worship.    Before Judge Russell.    Walton superior court.    December 4, 1903.

*Hal G. Nowell*, for plaintiff in error.
*C. H. Brand, solicitor-general*, contra.

CANDLER, J.    The sole object of description of the person of an alleged offender in an indictment is to identify the person to be tried as the one indicted; and usually one may be indicted by any name which will serve the purpose of identification.    10 Enc. Pl. & Pr. 505.    If the offender is known by more than one name, or if the grand jury is uncertain which of several names is the real name of the person, he may be indicted under an alias dictus, and a plea of misnomer to such an indictment must, to prevail, set out clearly that the accused has never been known by any of the names therein set out.    These are familiar principles of criminal procedure, and need no elaboration.    Hence, when one is indicted as Gus Stinchcomb, alias Bud Stinchcomb, and his real name is William Stinchcomb, in order to take advantage of the alleged misnomer he must in his special plea aver unequivocally that he has never been known as either Gus Stinchcomb or Bud Stinchcomb.    This is not done when he pleads "that he has never been known and called by the name of Gus Stinchcomb alias Bud Stinchcomb, that his name is not Gus Stinchcomb alias Bud Stinchcomb, as alleged in the bill of indictment, . . but his true name is and ever has been William Stinchcomb."    Such a plea is not sufficient in law; and a demurrer thereto on the ground that it failed to aver that the accused was not known by the name of

Bud Stinchcomb and that he was never known by any other name than William Stinchcomb was properly sustained.

*Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*