## 63334. HUGHES v. THE STATE.

BIRDSONG, Judge.

Seaborn C. Hughes was convicted of burglary and sentenced to ten years in prison. The evidence shows that the victim's daughter-in-law stopped by the victim's house while the victim was at church, and saw a car with a Florida license plate and two men, one of them standing by the car and one (the appellant) inside the screened door. They told her they were painters looking for work and they left when she advised them to come back in the afternoon. After she returned to her home, the daughter-in-law became suspicious and then returned to the victim's house, where she found that the door where she had seen the appellant standing had been forcibly opened and the bedroom ransacked. Appellant later confessed to the crime. He enumerates seven errors. *Held:*

1. Appellant's contention that the trial court erred in denying his plea of misnomer, is without merit. The indictment charged "Seaborn Coley Hughes a/k/a Dennis Robert Bixler" because the latter name was the name appellant first gave to police officers. A former employer testified that he knew appellant only by the Bixler alias. In *Andrews v. State,* 196 Ga. 84 (9) (26 SE2d 263), the Supreme Court said: "Where the accused is known by different names . . . it is lawful for the indictment to identify the accused by all such names as alias dicta." See also *Stevens v. State,* 247 Ga. 698 (278 SE2d 398); *Stinchcomb v. State,* 119 Ga. 442 (46 SE 639), and see *Radford v. State,* 140 Ga. App. 195 (230 SE2d 345).

2. The trial court did not err in denying the appellant's motion to correct an omission in the transcript. According to appellant, during jury selection he challenged Mrs. Thedius Clough for cause because her brother was to be a state's witness, but he was later unable to establish that he had challenged Mrs. Clough for cause because the transcript does not reveal the identity of the juror so challenged. Even assuming error in the denial of appellant's motion, it is harmless error. Relationship of a juror to a witness is not one of the causes for challenge enumerated in Code Ann. § 59-804. "The fact that a juror is related to one of the witnesses for the state in a criminal prosecution, does not render the juror incompetent and subject to dismissal for cause." *Taylor v. State,* 243 Ga. 222, 224 (253 SE2d 191). Moreover, the juror in this case was examined by the state and found to be competent and qualified.

3. Appellant contends the trial court erred in refusing to excuse two jurors challenged for bias, but there was no error. The jurors, who were neighbors of the victim and had heard of a burglary some time before, were examined by the court and found not to have any interest

in the cause or opinion as to guilt, nor any inclination, leaning or bias respecting the victim or the case and affecting their possible verdict. Code Ann. § 59-705. The trial court thus did not abuse its discretion in denying challenge for cause as to these witnesses. See also *Bennett v. State,* 153 Ga. App. 21, 26 (264 SE2d 516).

4. Appellant contends the trial court erred in admitting his oral statements, because his statements were not voluntary but were induced by hope of benefit. According to his brief, "appellant contends that the statements were made as an attempt to plea bargain his case on his behalf and also to insure that his girlfriend, Sheila . . . Bixler, would not be involved in this alleged burglary." The record confirms that any hope of benefit encouraging the appellant to make his statements was conceived by himself and not based on any promise or inducement by the police. The trial judge in a proper Jackson-Denno hearing found the statements were voluntary and we have no reason to find that the factual and credibility determinations by the trial court are clearly erroneous. *Brooks v. State,* 244 Ga. 574 (261 SE2d 379).

5. The trial court did not commit reversible error in failing to charge the jury that a confession uncorroborated by other evidence will not justify a conviction, because the confession in this case was corroborated by other evidence. Such a charge was not required by the evidence; it was not requested by the appellant and the failure to give it was not objected to below.

6. We find no error in the sentencing. The sentence rendered was within statutory limits for the offense and was within the discretion of the trial judge. Even assuming that any improper or inadmissible evidence, or rumors and suspicions of prior or additional criminal activity existed in the record, there is no indication in the record that the judge relied upon such evidence in imposing sentence. We will not presume that the trial judge considered such evidence and passed an infected sentence in the absence of a showing that the trial judge was clearly prejudiced by such evidence. *Haas v. State,* 146 Ga. App. 729, 732-733 (247 SE2d 507); see esp. *Jones v. State,* 233 Ga. 662, 663 (212 SE2d 832), where even though the trial judge commented on the appellant's reputation "in the criminal circuit for a long time," the Supreme Court held that there was no presumption of impropriety and appellant had shown nothing that would call the sentence into question.

7. It follows that the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Decided March 11, 1982 —

REHEARING DENIED MARCH 26, 1982 —

*Franklin D. Rozier, Jr.,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.