71984. TROTTER v. THE STATE.
(346 SE2d 390)

POPE, Judge.

Heidi Trotter was convicted of driving under the influence and was sentenced to pay a fine of $1,000, to serve one year, with one month in confinement and the remaining time on probation, and to do 100 hours of community service.

1. Appellant's first four enumerations deal with errors alleged in connection with Count 2 of the accusation against her which charged her with driving under the influence by controlling a moving vehicle while there was at least .12 percent alcohol in her body by weight. The jury acquitted appellant on this count. Therefore, there is no merit in these enumerations since there can be no harm. See *Robinson v. State*, 176 Ga. App. 18 (335 SE2d 303) (1985).

2. Appellant argues that the court erred in charging the first sentence of OCGA § 40-5-55 (a) which reads: "The State of Georgia considers that the persons who are under the influence of alcohol or drugs while operating a motor vehicle or who have a blood alcohol

content of 0.12 percent or greater while operating a motor vehicle constitute a direct and immediate threat to the welfare and safety of the general public." This sentence, according to appellant, is prejudicial and fails to instruct the jury in any principle of law. We do not agree. This sentence is the first sentence of the code section setting out the implied consent law. It serves to state the purpose for requiring implied consent, and it is proper for the jury to hear. In the context of the overall charge, we do not find that the sentence has any prejudicial effect.

3. There is no ground for reversal in appellant's enumeration number six which rests on the proposition that the two counts of the accusation against her constituted only one crime. In this contention she is correct. *Hogan v. State*, 178 Ga. App. 534 (343 SE2d 770) (1986). However, since she was convicted of but one count and sentenced only for that count, there can be no harm in the error alleged. *Hogan*, supra.

4. Appellant's seventh enumeration of error is controlled adversely to her by *Niehaus v. State*, 149 Ga. App. 575 (254 SE2d 895) (1979). Also, there is no authority for appellant's argument that the State was required to give her pretrial notice of evidence in aggravation of punishment in this misdemeanor case. See OCGA § 17-10-2 (a).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 6, 1986.

*W. Michael Maloof*, for appellant.

*Robert E. Wilson, District Attorney, Ray Guidice, Assistant District Attorney, Ralph Bowden, Solicitor, Henry Newkirk, Assistant Solicitor*, for appellee.