## A91A1416. BACON v. THE STATE.
### (411 SE2d 785)

POPE, Judge.

Defendant Donnie Bacon pled guilty to the offense of criminal trespass. On appeal he contends the judgment and sentence entered on the guilty plea must be reversed because the record fails to show that he knowingly and intelligently waived his rights and understood the possible consequences of entering a guilty plea. We agree and reverse.

The record shows that when the case was called for trial the defendant informed the court that he was waiting for his attorney. The trial judge responded that he intended to go forward and strike a jury without defendant's attorney and then announced that defendant was proceeding pro se. After a jury was selected, the defendant made a request to approach the bench and informed the trial court that he wished to enter a guilty plea. The transcript reflects that the trial court informed the defendant it was "up to [him]," that it was "not influencing [him] in any way" and that it would delay sentencing pending the outcome of trial on other charges against the defendant. See *Bacon v. State*, 201 Ga. App. 639 (411 SE2d 783) (1991). The transcript reflects that other comments made during the bench conference, if any, were inaudible.

"Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant ' "intelligently and understandingly" ' waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) (1982). When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered ' "by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill(ing) a silent [or incomplete] record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Cit.)' *Dean v. State*, 177 Ga. App. 123, 125 (2) (338 SE2d 711) (1985)." *Wood v. State*, 190 Ga. App. 179, 180 (1) (378 SE2d 520) (1989).

We agree with the defendant that "[t]here is no affirmative showing in the record [in this case] that [defendant] voluntarily and understandingly entered [a guilty plea to the charge against him]. Indeed, the transcript . . . reveals that none of the substantive requirements of Fed. R. Crim. P. 11, as interpreted in *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), was followed

by the trial court in this case. See Rules 33.7, 33.8, and 33.9 of the Uniform Rules for the Superior Courts, as applicable in state courts, and Uniform State Court Rule 33.11. Although the State [argues that the defendant's plea was entered with the advice of counsel because the defendant had "ample opportunity" to consult with counsel both before and after he entered his plea, in that he had legal representation in connection with other charges pending against him during this time, there is nothing in the record to support this contention]. Since the entire record . . . fails to show that [defendant] was cognizant of all the rights he was waiving and the possible consequences of his plea, and since the State failed to take any action pursuant to OCGA § 5-6-41 (f) to correct the . . . omission or to fill a silent record by use of extrinsic evidence affirmatively showing the guilty plea was knowing and voluntary, [cit.], the State failed to carry its burden. We will not consider factual representations raised in the State's brief which did not appear in the record." *Agerton v. State*, 191 Ga. App. 633 (382 SE2d 417) (1989). Accord *Warner v. Jones*, 241 Ga. 467 (246 SE2d 320) (1978); *Harrell v. State*, 145 Ga. App. 93 (243 SE2d 611) (1978); cf. *Wood*, supra.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 24, 1991.

Alan P. Layne, for appellant.
David B. Pittman, Solicitor, for appellee.