A91A1655. GADSON v. THE STATE.
(414 SE2d 332)

Judge Arnold Shulman.

The appellant was convicted of armed robbery and sentenced to life imprisonment as a recidivist based on evidence that he had been convicted of four prior felonies. At the sentencing hearing, he objected to the admission of evidence of these prior convictions on the ground that they were based on guilty pleas which were not shown to have been freely and voluntarily made. In a prior appearance of the case before this court, we affirmed the appellant's armed robbery conviction but reversed the sentence and remanded the case for a hearing on this issue. *Gadson v. State*, 197 Ga. App. 315, 318 (398 SE2d 409) (1990). At that hearing, the state introduced certified copies of the transcripts of the plea proceedings in question; and based on this evidence, the court determined that each of the pleas constituted a knowing and voluntary waiver by the appellant of his right to trial. The appellant was accordingly resentenced to life imprisonment as a recidivist, see generally OCGA § 17-10-7; and the case is now before us again on appeal from that sentence.

The appellant contends that the admission of the transcripts of the prior guilty plea proceedings violated his due process rights because it effectively "granted the state a two-year continuance so that it could prove its case." However, the use of such extrinsic evidence

was clearly within the contemplation of our remand order, since without it there would have been no way for the state to prove that the appellant was cognizant of his rights in those cases, and of the possible consequences of his pleas. See generally *Pope v. State*, 256 Ga. 195 (17) (345 SE2d 831) (1986); *Wood v. State*, 190 Ga. App. 179, 180 (1) (378 SE2d 520) (1989); *Bacon v. State*, 201 Ga. App. 641 (411 SE2d 785) (1991). As the evidence in question clearly supports the trial court's determination that the pleas were intelligently and voluntarily entered, we hold that the appellant was properly resentenced to life imprisonment as a recidivist pursuant to OCGA § 17-10-7 (b). See generally *Anderson v. State*, 199 Ga. App. 559 (3) (405 SE2d 558) (1991).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 6, 1992.

*Charles C. Grile*, for appellant.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.