## A94A0554. ROBINSON v. THE STATE.
(442 SE2d 901)

BIRDSONG, Presiding Judge.

Johnny Anthony Robinson pled guilty to driving with a suspended license and DUI; he appeals his judgment of conviction. Appellant was sentenced to confinement for 12 months and fined $1,000 plus a $50 surcharge. *Held:*

1. Appellant contends the trial court erred in accepting his guilty plea without determining whether it was made freely, voluntarily, and with knowledge of the possible consequences thereof. This contention is without merit.

The provisions of Superior Court Rules 33.7-33.9 apply to state courts. Uniform State Court Rules, A-D, 33.11; see *Bacon v. State*, 201 Ga. App. 641 (411 SE2d 785). The trial court failed to comply technically with these rules; however, non-compliance with the court

rules has not been enumerated as error and therefore this specific issue is not before us on appeal. The question for appellate resolution is whether the record fails to establish that appellant's plea of guilty was informed and freely and voluntarily entered. "Before a guilty plea is accepted by a trial court, the court must determine that the plea is voluntarily made and that the defendant intelligently and understandingly waives his constitutional rights with an understanding of the nature of the charges against him and the consequences of the plea." *Hall v. State*, 210 Ga. App. 792, 793 (1) (437 SE2d 634). "When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of *all of the rights* he was waiving and the possible consequences of his plea; or (2) filling a silent or incomplete record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Punctuation omitted; emphasis supplied.) *Bacon*, supra at 641.

Appellant was not represented by counsel at the guilty plea hearing; there is no error enumerated as to such lack of counsel. The record establishes that appellant previously had access to the advice of counsel regarding a prior not guilty plea and had entered a not guilty plea without counsel being present in court; however, the record fails to establish affirmatively that counsel ever advised appellant regarding a plea of guilty or of its full consequences and, in fact, tends to establish that such plea was entered without consultation, as appellant denied on the record ever having talked directly with counsel or of having advised him of the facts of the case. Compare *Bacon*, supra at 642.

On the record, the trial court extracted an affirmative answer from appellant to the following questions: "You understand by [pleading guilty] you give up the right to a trial"; "You understand the court will sentence you"; "You're doing this voluntarily"; "No one's pressuring you to change your plea"; and, "You understand what you're doing." At no time did the trial court advise appellant on the record of the various rights, except to the broad "right to a trial," set forth in Uniform Superior Court Rule 33.8. Neither did the trial court on the record ascertain the factual basis for the plea, Uniform Superior Court Rule 33.9, nor advise of the maximum possible sentence on the charge. We are not satisfied that the guilty plea hearing transcript affirmatively establishes that appellant was cognizant of all the rights he was waiving by his guilty plea or of the consequences thereof. Accordingly, unless such deficiency can be negated by other evidence of record extrinsic to the guilty plea hearing transcript, this plea must fall.

Examination of the record reveals extrinsic evidence which meets the constitutional requirements discussed in *Bacon*, supra. Appellant signed a self-certifying document acknowledging that he can read, has read, and understands the "In-Court Rules and Procedure of the State Court of Decatur County, Georgia," and that following an opportunity to ask questions concerning these rules, he does "hereby waive formal arraignment and enter my plea or pleas [of guilty], voluntarily and with full knowledge and understanding of all of my rights in connection therewith and the possible consequences thereof." A copy of the "In-Court Rules and Procedure" are included in the trial record. These rules clearly advise appellant of the maximum permissible punishment which could be imposed for a traffic violation or a misdemeanor criminal offense (including but not limited to imprisonment for 12 months and payment of a fine of $1,000 and of various fees and costs). The document also advised appellant of his right to counsel, his right to trial by either judge or jury in the event of a not guilty plea, his right to have witnesses at any trial and his right to have subpoenas issued; further, in the event appellant elected to plead not guilty, the document advised appellant of his right to a trial on the charge to which he pleads not guilty, his right to face his accusers (confrontation) and to cross-examine them. The document advised that in the event of a guilty plea, appellant would give up his right to a trial, waive all defenses he may have, both known and unknown, waive his right to face his accusers, waive his right to cross-examine his accusers, and be sentenced by the judge. Appellant's reliance on *Agerton v. State*, 191 Ga. App. 633 (382 SE2d 417) and related cases is misplaced; these cases are factually distinguishable from the circumstances surrounding appellant's plea of guilty. Viewing the extrinsic evidence of record together with the evidence affirmatively contained in the hearing transcript, we are satisfied that the record adequately establishes that appellant freely and voluntarily tendered an informed plea of guilty. The trial court did not err as enumerated. Compare *Bullard v. State*, 198 Ga. App. 603 (402 SE2d 539).

Although no reversible error was committed as to this matter, we strongly caution both the state and superior courts, in the interests of judicial economy, to comply in spirit and in letter with the requirements of Uniform Superior Court Rules 33.7-33.9 when conducting guilty plea hearings.

2. In appellant's second enumeration of error, he asserts two separate errors in a single enumeration in violation of OCGA § 5-6-40. See generally *Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820).

Appellant relied upon the provision of OCGA § 17-10-2 (a) in his claim that error occurred by considering evidence in aggravation not made known to him prior to trial. The State was not required to give

appellant pretrial notice of the evidence in aggravation of punishment in this misdemeanor prosecution. *Trotter v. State,* 179 Ga. App. 314 (346 SE2d 390).

We acknowledge that fundamental fairness dictates a criminal defendant, both as to felony and misdemeanor convictions, shall be afforded a reasonable opportunity to present evidence in extenuation and mitigation prior to sentencing. In this case, appellant has failed to show error affirmatively by the record that would necessitate a set aside of his sentence. Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal. *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491). Appellant did voluntarily tender an explanation for his prior criminal record to the trial court; that the trial court appears to have elected in its discretion to give little or no weight to that explanation is not the determinative factor. The better practice, particularly in those situations where defendant is not represented by counsel, would be expressly to advise appellant of his right to present matters in mitigation and extenuation and to offer him affirmatively on the record an opportunity to do so before imposing sentence. However, the absence of such advice is not fatal if appellant either was provided such an opportunity or if he otherwise was not prejudiced by the failure to provide the same. In this instance, the hearing record shows appellant tendered an extenuating explanation for his prior offenses; thus, he was not denied the opportunity to present matters in extenuation and mitigation as enumerated. The record also reflects that appellant made no assertion that he had any additional evidence in extenuation or mitigation to present to the trial judge prior to sentencing. Further, appellant fails to make any showing in his appellate brief of what evidence he would have offered had he been affirmatively advised of such right, and as to how such evidence, if any exists, would have served to reduce his sentence. Appellant has not carried his burden of establishing that he was harmed by the sentencing procedure employed in this case; we would not reverse a sentence legal on its face based on mere speculation as to its appropriateness.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 28, 1994.

*Gilbert J. Murrah,* for appellant.
*Smith & Perry, Ralph C. Smith,* for appellee.