A95A0943. THOMAS v. THE STATE.
(462 SE2d 166)

RUFFIN, Judge.

A jury convicted Jacqueline Thomas of possession of cocaine in violation of the Georgia Controlled Substances Act. Thomas appeals from her conviction and sentence of 15 years and the denial of her motion for new trial. We affirm.

During the State's case, the court allowed a five-minute recess and excused the jury. After the jury returned and was seated, the State tendered an exhibit into evidence and Thomas's attorney began cross-examining a prosecution witness. Approximately five minutes into the cross-examination, an absent juror walked into the courtroom and sat in the jury box. Upon noticing the juror's return, the trial judge held an unrecorded bench conference. After the bench conference, the trial judge proposed that both parties start over from the recess. Both parties agreed with the proposal, the State reintroduced its exhibit, and Thomas's attorney started his cross-examination from the beginning.

1. In her first enumeration of error, Thomas contends the trial court erred in allowing the absent juror to deliberate even though an alternate juror was present and available. However, Thomas never requested that the juror be replaced; rather, Thomas expressly agreed to the remedial action taken by the trial judge. If error, it is a self-ordained error of marginal consequence, sans harm. " 'A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cit.]" *Ingram v. State*, 211 Ga. App. 252, 254-255 (4) (438 SE2d 708) (1993). See also

*Griner v. State*, 192 Ga. App. 283 (2) (384 SE2d 398) (1989) (defendant's attorney failed to request further remedial action after trial judge found juror sleeping). Because Thomas agreed with the remedial action taken, this enumeration is without merit.

2. Thomas also asserts the trial court erred in considering inadmissible evidence at her presentence hearing. The record shows that at the hearing, the State sought to introduce evidence of prior convictions. Thomas's attorney objected on the ground that there was no evidence that Thomas was represented by counsel when convicted of the prior offenses. After a brief colloquy, the State withdrew the exhibits and stated it would not attempt to tender them into evidence. The trial judge stated that although he figured they were "some sort of convictions for something[,]" that was all he knew about the evidence. Thomas argued that because the judge knew of the convictions, sentencing was prejudiced, and she requested that another judge impose the sentence. The trial judge reiterated that he did not know what the prior convictions were for, stated that he would not give them "any weight or credit," denied Thomas's request, and after argument by both parties, imposed the sentence.

"We find no error in the sentencing. The sentence rendered was within statutory limits for the offense and was within the discretion of the trial judge." *Hughes v. State*, 161 Ga. App. 824, 825 (6) (288 SE2d 916) (1982). Even if Thomas's prior convictions were obtained without benefit of counsel, "there is no indication in the record that the judge relied upon such evidence in imposing sentence. We will not presume that the trial judge considered such evidence and passed an infected sentence in the absence of a showing that the trial judge was clearly prejudiced by such evidence. [Cits.]" Id. Because there is no presumption of impropriety, and Thomas has shown nothing that would call the sentence into question, this enumeration is without merit. Id.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 6, 1995.

*Robert L. Waller III*, for appellant.
*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney*, for appellee.