## A96A0009. WILLIAMS v. THE STATE.
### (470 SE2d 922)

RUFFIN, Judge.

Al Williams pled guilty to stalking. He appeals from the judgment of conviction, sentence and the denial of his motion to withdraw his guilty plea. Because the trial court erred in denying Williams' motion to withdraw his guilty plea, we reverse.

The record shows that at his arraignment Williams, acting pro se, originally pled not guilty to stalking. Immediately before the beginning of his trial, Williams attempted to negotiate a plea bargain with the prosecutor, offering to plead guilty in exchange for a probated sentence or the imposition of a fine. Williams and the prosecutor disagree as to the prosecutor's response to Williams' offer. Williams testified that the prosecutor agreed to recommend that he receive "probation or [a] fine . . . whatever it took to whatever extent it took to handle the problem [sic]." On the other hand, the prosecutor stated that he never agreed to probation, but instead advised Williams that he would recommend jail time. After the jurors were

empaneled, Williams informed the prosecutor that he wanted to change his plea to guilty. Williams then signed the accusation, the prosecutor informed the trial court that Williams changed his plea to guilty, and the sentencing hearing began.

In the sentencing hearing, the prosecutor set forth the facts supporting the conviction, and the victim, the arresting officer, and the victim of a previous similar crime testified. The court then sentenced Williams to serve 12 months, imposed a $1,150 fine, restrained him from contact with the victim, ordered that he be held in the Toombs County Jail if released early on parole until he paid the fine in full, and banished him from Toombs County upon completion of the sentence.

Williams subsequently moved to withdraw his guilty plea on the grounds that the State reneged on its agreement to recommend probation and a fine and the court improperly considered evidence of similar transactions. Williams also alleged that the court violated several Uniform State Court Rules in accepting his guilty plea.

1. In eight enumerations of error, Williams contends the trial court erred in accepting his guilty plea and denying his motion to withdraw the plea. Williams contends that the plea was not knowingly and voluntarily entered and that the court accepted the plea in violation of Uniform State Court Rules 33.2, 33.3, 33.7, 33.8, and 33.11. In one of those enumerations, Williams also contends the trial court erred in failing to allow him to withdraw the plea because the sentence was illegal on its face. However, the remedy for an illegal sentence is a remand to the trial court for resentencing, not withdrawal of the guilty plea. *Threatt v. State*, 211 Ga. App. 630 (3) (a) (440 SE2d 61) (1994). Thus, this particular enumeration of error is without merit.

"Where voluntariness of a guilty plea is challenged, there must be 'a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.' [Cits.]" *Green v. State*, 265 Ga. 263 (1) (454 SE2d 466) (1995). "When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citations and punctuation omitted.) *Wood v. State*, 190 Ga. App. 179, 180 (1) (378 SE2d 520) (1989). The requirements of Court Rule 33, governing the

acceptance of defendants' pleas, are mandatory. *State v. Evans*, 265 Ga. 332 (1) (454 SE2d 468) (1995). However, because Williams challenged his guilty plea after the court pronounced sentence, the plea could be withdrawn only if necessary to correct a manifest injustice. Uniform State Court Rule 33.12; *Evans*, supra at 336.

In this case, there was no guilty plea hearing. The record shows that the trial court accepted Williams' guilty plea based solely on the announcement of the prosecutor and then immediately proceeded to sentence Williams, without any inquiry as required by Court Rules 33.2, 33.7, and 33.8. The State contends that the record otherwise demonstrates that Williams' guilty plea was knowing and voluntary.

The State argues that the court advised Williams of his right to counsel at the arraignment and that Williams waived that right by failing to request appointed counsel and by subsequently announcing to the court that he had retained counsel and failing to have that attorney present at trial. The State contends Williams was adequately advised of the charge against him because the charge was included in the text of the accusation he signed; the prosecutor read the charge from the accusation at the hearing on similar transaction evidence; and the prosecutor explained the factual basis for the charge at the sentencing hearing. The State also contends that because Williams was previously convicted of stalking and therefore was not new to the criminal justice system, he was aware of the consequences of his guilty plea, i.e., he was waiving the full panoply of rights set forth in Court Rule 33.8 (B) and he could be sentenced to as much as one year in prison.

We find that the foregoing does not affirmatively show that Williams' plea was intelligent and voluntary. While Williams might have been advised of certain rights at the time he entered his initial plea of not guilty, the State has not met its burden of affirmatively showing that at the critical time, when Williams entered his guilty plea, he was fully aware of all the constitutional rights he waived in entering the plea and the consequences of the waiver. We will not presume from Williams' previous conviction that he was fully aware of his constitutional rights at the critical time in this case. At any rate, it is not altogether clear that as a result of his previous experience as a criminal defendant Williams was apprised of the constitutional rights at issue here since he did not plead guilty in the previous case but instead stood trial.

It is particularly troubling that Williams was not represented by counsel when the court accepted the guilty plea. The record does not reveal any formal waiver of Williams' right to counsel, and even if he did so impliedly, Court Rule 33.2 (B) provides that "[a] defendant without counsel should not be called upon to plead to any offense until he has had a reasonable time to consider his decision. When a

defendant without counsel tenders a plea of guilty . . . to an offense, the court should not accept the plea unless it is reaffirmed by the defendant after a reasonable time for deliberation, following the advice from the court required in section 33.8." This the trial court did not do.

Furthermore, because the court failed to perform the inquiry set forth under Court Rule 33.7 to ascertain whether the plea was voluntary, it was unaware of the discussions between the prosecutor and Williams regarding a plea agreement and therefore failed to determine what impact those discussions had on Williams' sudden decision to change his plea to guilty.

We find that the trial court's failure to follow straightforward court rules in accepting Williams' guilty plea was manifestly unjust, particularly given the fact that Williams was not represented by counsel at the time. Thus, the trial court abused its discretion in denying Williams' motion to withdraw his guilty plea.

2. Williams also contends his sentence was unlawful in several respects: (1) the fine imposed exceeded $1,000; (2) the court abused its discretion in ordering that he be held in the Toombs County Jail, if released early on parole, until the fine is paid in full; and (3) he was improperly sentenced under both OCGA § 17-10-3 (a) (1) and (2). While it might appear unnecessary to consider these contentions in light of our holding above, because of the likelihood that these issues will arise again if Williams is resentenced for this offense, we will consider them.

"It is well-established that there is a presumption that sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety." (Citations and punctuation omitted.) *State v. Freeman*, 198 Ga. App. 553, 557 (3) (402 SE2d 529) (1991).

(a) Williams argues that the $1,150 fine exceeded the maximum fine of $1,000 authorized by OCGA § 17-10-3 (a) (1), applicable to misdemeanor convictions, and that the State failed to offer proof of the $150 penalty. However, the State contends that the additional $150 represented state and county statutorily mandated assessments calculated based upon the amount of the fine and therefore no offer of proof was necessary. See OCGA § 15-21-73 (a) (1). We agree. Furthermore, the clear terms of OCGA § 15-21-73 (a) (1) provide that the penalty at issue "shall be imposed as an *additional* penalty. . . ." (Emphasis supplied.) Thus, Williams' contentions are without merit.

(b) The trial court also did not abuse its discretion in ordering that Williams be held in the Toombs County Jail, if released early on parole, until the fine is paid in full. Imprisonment under such circumstances is considered a means of enforcing payment of a fine, not punishment. *Lee v. State*, 103 Ga. App. 161 (118 SE2d 599) (1961);

*Farris v. City of Columbus*, 109 Ga. App. 2 (135 SE2d 59) (1964). Thus, in ordering Williams to be held until payment of the fine, the trial court did not sentence him to confinement in excess of the misdemeanor sentencing statute.

(c) However, the record clearly shows that the trial court improperly sentenced Williams under the alternative subsections of OCGA § 17-10-3 (a). In addition to imposing a fine, the court also sentenced Williams to serve 12 months in the "Georgia Penitentiary" or "such other place as the Director of Corrections may direct. . . ." According to subsection (1) of OCGA § 17-10-3 (a), a defendant can be sentenced to pay a fine of up to $1,000 or to "confinement in the county or other jail, county correctional institution, or such other places as counties may provide for maintenance of county inmates, for a total term not to exceed 12 months, or both[.]" Subsection (2) authorizes only "confinement under the jurisdiction of the Board of Corrections in a state or county correctional institution or such other institution as the Department of Corrections may direct, for a determinate term of months which shall be more than six months but shall not exceed a total term of 12 months." OCGA § 17-10-3 (a) (2). Because these provisions are alternative, Williams could not lawfully be sentenced to pay a fine *and* to confinement under the state's jurisdiction.

3. Finally, Williams enumerates as error the trial court's decision to permit the State to introduce evidence of similar transactions. Williams argues that he was not given proper notice of the transactions at least ten days before trial as required by Uniform State Court Rule 31.1 and that the court failed to make a determination, on the record, that the three-pronged test set forth in *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991), had been met. Williams also contends that after the State's offer of proof, the court impermissibly shifted the burden to him to convince the court that the similar transaction evidence should not be admitted.

We note at the outset that the trial court did not err in considering the similar transaction evidence in sentencing Williams. The State is not required to give pretrial notice of evidence in aggravation of punishment in sentencing misdemeanor cases. *Trotter v. State*, 179 Ga. App. 314 (4) (346 SE2d 390) (1986). Moreover, Uniform State Court Rule 31.3 (F) expressly states that Rule 31.3 does not apply to sentencing hearings. Nor has Williams shown that the court may not consider the evidence in future proceedings.

Contrary to Williams' contention that he did not receive ten days' notice of the similar transactions, the record shows that notices of his prior conviction and a previous incident involving the victim were filed on July 19, 1995 and July 21, 1995, respectively, and the trial would have commenced, had there been a trial, on August 2, 1995. Therefore, Williams' claim of improper notice is without merit.

Moreover, in ruling on the admissibility of the similar transactions, the trial court stated on the record that it found "that the State [had] carried its burden which is required to be permitted to introduce these similar transactions during the trial of the case. . . ." The record shows that the elements required by *Williams* were addressed at the hearing. Thus, the trial court's statement constitutes a proper determination on the record that the State satisfied the requirements of *Williams*. See *Barry v. State*, 214 Ga. App. 418 (1) (448 SE2d 243) (1994).

With respect to Williams' contention that the trial court erred in shifting the burden to him to show that the similar transaction evidence should not be admitted, the "primary consideration [is] whether defendant was deprived of any substantial rights in the State's execution of the intent of . . . Rule [31.3]. [Cit.] 'The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse.' [Cit.] We find substantial compliance with . . . Rule [31.3] [cit.], and no reversible error." (Emphasis omitted.) *Houston v. State*, 187 Ga. App. 335, 338 (2) (370 SE2d 178) (1988). The State cites no persuasive authority, and we have found none, which requires a defendant to convince the trial court that similar transaction evidence should not be admitted following the State's showing. However, because the record in this case demonstrates that the trial court determined that such evidence would be admissible at trial based solely on the State's satisfaction of *Williams* and not Williams' failure to prove otherwise, there was no error.

*Judgment reversed. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MAY 6, 1996.

*M. Francis Stubbs*, for appellant.
*David B. Pittman, Solicitor*, for appellee.