A98A0824. PALMER v. THE STATE.
(505 SE2d 527)

Judge Harold R. Banke.

Leonard Palmer entered a negotiated plea to a burglary charge and received a five-year sentence. In his sole enumeration, Palmer challenges the denial of his motion to withdraw the plea, arguing that (1) it was not freely and voluntarily entered into and (2) he was not in fact guilty.

Before the plea hearing, Palmer completed a written voluntariness questionnaire under oath with his appointed attorney's assis-

tance. In it, Palmer waived his right to remain silent and admitted his guilty plea was not coerced or motivated by threats or promises unrelated to the plea negotiations. To an inquiry as to his guilt, Palmer responded, "Alford plea (best interest)."

Prior to accepting the plea and imposing sentence, the trial court established the existence of a factual basis for the plea and assured its voluntariness. At the hearing, Palmer testified that he and his lawyer had gone over the questionnaire, and the answers were truthful and his own. The trial court then imposed the negotiated sentence.

Six days after this hearing, Palmer filed a pro se document seeking consideration of the sentence based on ineffectiveness grounds. A week later, he moved to set aside the conviction. The trial court appointed counsel, who then moved to withdraw the plea. After a hearing, the trial court denied the motion. *Held*:

Guilty pleas challenged after the imposition of sentence may be withdrawn only to correct a manifest injustice. *Williams v. State*, 221 Ga. App. 291, 293 (1) (470 SE2d 922) (1996) (physical precedent only); Uniform Superior Court Rule 33.12. Because the plea engendered no manifest injustice and the State met its burden of showing that it was intelligently and voluntarily entered into, the trial court did not abuse its discretion in denying Palmer's motion to withdraw his plea. *Moore v. State*, 225 Ga. App. 860, 861-862 (2) (485 SE2d 552) (1997); see *Williams*, 221 Ga. App. at 292.

Notwithstanding Palmer's claim of innocence and his dissatisfaction with the plea, the record from the plea hearing establishes that he entered into the plea voluntarily with full understanding of what he was doing. See *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986). At the motion to withdraw hearing, Palmer's former counsel disclosed his reasoning for advising Palmer to plead guilty, testifying that after an early morning burglary at a local tavern, police arrested Palmer at the scene near a cache of liquor bottles. Palmer's fingerprints were found on one of the liquor bottles and on a shard of glass broken when the burglar entered the establishment. Former counsel also testified that he spent several hours investigating Palmer's criminal history, learning Palmer had over 50 out-of-state arrests on 130 charges, some of which involved thefts. Former counsel testified that he explained to Palmer that with this record a recidivist sentence of 20 years would likely be imposed if a trial resulted in a guilty verdict. Former counsel also testified that Palmer expressed his intent to withdraw the plea even before it was entered. At the hearing, Palmer admitted that he had previously told the judge that his plea was not coerced, but denied committing the crime.

In light of this testimony and the record before us, we must uphold the trial court's conclusion that Palmer's plea was voluntary.

We find no manifest injustice in the trial court's denial of the motion to withdraw. See *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 6, 1998.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Barbara S. Foster, Assistant District Attorney*, for appellee.