## A98A1349. EVANS v. THE STATE.
(506 SE2d 169)

JOHNSON, Presiding Judge.

Robert Evans appeals his conviction of aggravated child molestation and child molestation committed upon a four-year-old child.

1. Evans contends the trial court erred when it held his defense counsel in contempt of court and fined counsel for not being in court at a certain time. Compare *In re Booker*, 195 Ga. App. 561, 562 (1) (394 SE2d 791) (1990). Pretermitting whether the trial court erred in holding Evans' trial counsel in contempt is whether such conduct prejudiced Evans. We hold that it did not.

Evans waived trial by jury and elected to be tried by the judge alone. Trial judges are presumed to be capable of separating "admissible grains of evidence from inadmissible chaff." (Citations and punctuation omitted.) *Stevens v. State*, 213 Ga. App. 293, 295 (2) (444 SE2d 840) (1994). The fact that trial counsel was sanctioned was inadmissible chaff regarding the issue of Evans' innocence or guilt and there is no showing that the trial court did not correctly recognize it as such. Both error and harm must be affirmatively shown by the record to authorize a reversal on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994). This enumeration of error is without merit.

2. Evans contends that because the state did not inform him before trial of the existence of a videotape in which a child advocate interviewed the victim, the trial court erred in admitting the tape into evidence. This contention is without merit.

The prosecutor stated on the record that Evans was informed before trial that the videotape existed and was invited to view the videotape at the district attorney's office. Evans' trial counsel denied that he had ever been notified of or invited to view the video. The trial judge overruled the objection, noting that he recalled that the state's attorney did tell trial counsel the videotape was available for viewing.

Evans' only citation of authority as to this enumerated error is *Wallin v. State*, 248 Ga. 29 (248 SE2d 687) (1981). He cites *Wallin* as direct support for his claim that if he had known about the tape before trial a suppression motion would have been submitted which "may have affected the outcome of the trial." *Wallin*, however, does not support Evans' claim of any form of prejudicial discovery error. In *Wallin* the defendant objected to certain information on the grounds that it should have been furnished to him pursuant to a *Brady* motion. Id. at 32 (6). The Supreme Court ruled in *Wallin* that when a defendant merely asks for all *Brady* material or for anything exculpatory, such a request really gives the prosecutor no better notice than if no request is made. Evans has not enumerated that any

*Brady* error occurred and has not even mentioned *Brady* in his appellate brief. Further, a *Brady* violation does not occur when the information sought becomes available at trial. *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580) (1996).

Even assuming Evans was not provided with a copy of the videotape before trial, the record reflects that he was placed on reasonable notice of its existence. On or about September 4, 1997, immediately after receiving Evans' discovery request, the state provided his trial counsel with a complete copy of its entire case file. The case file was accompanied by a certificate of service with an attached exhibit list. Item #1 of the exhibit list contained in the case file is a three-page case summary prepared by the investigating officer. Under these additional circumstances, there is no basis for reversal of the trial court's ruling. Moreover, Evans failed to move for a continuance to review and analyze the information contained in the videotape when it was offered, and failed to show how a reasonable probability exists that information contained in the videotape would have resulted in a different verdict if the evidence had been disclosed to the defense before trial. See also *Waldrip v. State*, 267 Ga. 739, 750 (17) (482 SE2d 299) (1997). Evans merely contends that if he had known sooner of the videotape, he would have filed a motion to suppress, which if granted "may have affected the outcome of the trial." This general assertion of error is not sufficient to require reversal of his convictions. Harm as well as error must be affirmatively shown by the record to obtain reversal. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994). Evans, at best, presents this Court with mere speculation and conjecture as to what result that motion to suppress the videotape would have yielded. Harm cannot be shown by mere speculation and conjecture unsupported by the record. See *Bell v. State*, 226 Ga. App. 271, 273 (4) (486 SE2d 422) (1997).

Evans' discovery request is not contained in the trial record on appeal, and Evans does not cite to any page in the trial record or transcript where it may be found. When a portion of the record bearing upon the issues raised by the enumerations of error is not brought up so that this Court can make its determination from a consideration of all relevant evidence bearing thereon, an affirmance as to that issue must result. See *Santone v. State*, 187 Ga. App. 789, 790-791 (1) (371 SE2d 428) (1988).

3. The trial court did not err when it allowed into evidence a stuffed doll with male genitalia and a Penthouse and a High Society adult magazine on the ground that the items were admissible to show lustful disposition and bent of mind. See *Hill v. State*, 183 Ga. App. 654, 656 (3) (360 SE2d 4) (1987) (physical precedent only); *Tyler v. State*, 176 Ga. App. 96, 99 (1) (335 SE2d 691) (1985).

It is of some additional relevance, albeit slight, that these three

items were found stored together in a box in Evans' bedroom closet. Also, the victim testified that Evans showed her an unidentified "stuffed doll" when she was in his house and that she had not asked to see it.

Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, Georgia courts favor the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jury. *Norman v. State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395) (1990).

Additionally, greater latitude is permissible in the introduction of evidence in a bench trial, as the trial judge is presumed to be capable of weighing evidence without being swayed by its potentially inflammatory nature. See *Graves v. State*, 227 Ga. App. 628, 630 (490 SE2d 111) (1997) (trial judge is presumed to consider only legally admissible evidence).

4. Evans contends the trial court erred when it found him guilty as there is no direct evidence that he committed aggravated child molestation and child molestation as averred in the indictment. We disagree.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Hendrix v. State*, 230 Ga. App. 604, 607 (5) (497 SE2d 236) (1998); *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Examining the evidence in the light most favorable to the verdict, including the videotaped interview of the victim, the trial testimony of the child victim and her mother, the medical testimony of the doctor who examined the victim, and the rebuttal testimony of the victim's older aunt, there exists sufficient evidence of the following relevant facts. The victim went to Evans' apartment to get permission to ride one of Evans' bicycles. While at the apartment Evans took the victim into his bedroom, fondled her breasts and placed his penis in her vagina. That evening the victim told her mother what had happened. The mother examined the victim and discovered a tear in the child's vaginal and rectal area. The mother and an aunt gave the child a bath and put Neosporin on her. The next day the victim complained that there was a burning in her vaginal area. She was taken to the doctor who discovered a rectal tear and other physical evidence from which he concluded that the victim's injuries were consistent with digital and/or attempted penal penetration of the rectal area.

The victim testified on cross-examination that she told her

mother what Evans had done, her mother did not tell her what to say, and that Evans carried her "in the room," showed her a stuffed doll and touched her.

Guilt may be established beyond a reasonable doubt by direct evidence, circumstantial evidence or a combination of both. See generally OCGA §§ 24-1-1; 24-3-16; 24-4-5.

Evans does not enumerate as error that the statements made by the victim during the videotape interview or to her mother were given under circumstances which failed to provide a sufficient indicia of reliability. Thus, this issue is not before us on appeal. See *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649) (1993).

Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Evans was guilty of the offenses of aggravated child molestation and child molestation. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 14, 1998.

*Watkins & Watkins, John D. Watkins*, for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.