## A99A0234. PALMORE v. THE STATE.
(511 SE2d 624)

JOHNSON, Chief Judge.

Anthony Palmore pled guilty to possession of cocaine and was sentenced to serve five years in prison. He appeals from the sentence, claiming the sentence is too harsh, is not justified by the circumstances, and was imposed by the court "in a mechanical fashion without consideration of the facts and circumstances surrounding the case." We affirm.

"The Eighth Amendment protects against cruel and unusual punishment, a concept which prohibits, among other things, arbitrary and disproportionate sentences. Unless a sentence is so overly severe or excessive in proportion to the offense as to shock the conscience, a legislatively authorized punishment does not ordinarily exceed the constitutional bound. It could, if the court abused its discretion in imposing a sentence which is excessive and disproportionate in a specific case." (Citations and punctuation omitted.) *Burgos v. State*, 233 Ga. App. 897, 901-902 (3) (505 SE2d 543) (1998).

Our legislature has provided that a first conviction of possession of cocaine carries with it a sentence of two to fifteen years imprisonment. OCGA § 16-13-30 (c). Thus, the five-year sentence imposed by the trial court falls within the statutory limit. Palmore's sentence was not so overly severe or excessive as to shock the conscience. See *Burgos*, supra at 902.

Although Palmore asserts that the trial court did not fulfill its duty of "tailoring the sentence to fit the offender," he does not explain how the sentence is ill-fitting, nor does he demonstrate how his assertion is supported by the record. During a pre-sentence hearing, the trial court afforded Palmore the opportunity to offer evidence in mitigation of punishment. In so doing, Palmore apologized for committing the charged offense and admitted that he had other felony convictions, but made no argument supporting a lesser sentence.

There is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party asserting its impropriety. *State v. Freeman*, 198 Ga. App. 553, 557 (3) (402 SE2d 529) (1991). Because there is no presumption of impropriety and Palmore has shown nothing that would call the sentence into question, this enumeration is without merit. See *Thomas v. State*, 218 Ga. App. 455, 456 (2) (462 SE2d 166) (1995).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 1999.

*Douglas C. Rogers*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Anthony S. Gunn, Assistant District Attorneys*, for appellee.