A99A0941. JACKSON v. THE STATE.
(520 SE2d 11)

Judge Harold R. Banke.

James Jackson pled guilty to shoplifting. During sentencing, the State introduced sixteen prior convictions, nine of which were guilty pleas for shoplifting. Prior to the hearing, Jackson and his attorney had reviewed the State's ten exhibits evidencing the convictions. Jackson objected only to the rape and armed robbery charges, of which he had been acquitted. The State conceded the point. Explaining that a six-year sentence imposed in 1992 for a prior shoplifting plea apparently had not worked, the court sentenced him to seven years.

Two and a half months later, Jackson moved to· withdraw his guilty plea and separately moved to amend his sentence. At the hearing on the motions he contended that the rape and armed robbery charges had been used against him and that four of the exhibits evidencing the guilty pleas had not included documents showing the voluntariness of the guilty pleas. The court denied both motions, which he appeals. *Held*:

1. Whether to allow a defendant to withdraw a guilty plea lies within the discretion of the trial court. *Palmer v. State*, 233 Ga. App. 779, 780 (505 SE2d 527) (1998). After imposition of the sentence, a court may allow a withdrawal only to correct a manifest injustice. Id.

(a) Jackson's contention that rape and armed robbery convictions were considered in sentencing is without support in the record. To the contrary, the State conceded that he was not convicted of the charges, and the State's documents submitted to the court reflected acquittals of same. The court indicated it understood the charges were not to be considered and expressly rested its sentence on the failure of the 1992 shoplifting sentence to rehabilitate Jackson. Where the record indicates the judge did not rely on the challenged evidence in imposing the sentence, no injustice is manifest. *Thomas v. State*, 218 Ga. App. 455, 456 (2) (462 SE2d 166) (1995); *Hughes v. State*, 161 Ga. App. 824, 825 (6) (288 SE2d 916) (1982); compare *Manker v. State*, 223 Ga. App. 3, 6 (5) (476 SE2d 785) (1996) (sentencing transcript clearly showed judge relied on defective plea).

(b) Regarding the guilty pleas that were not affirmatively shown to be voluntary, Jackson's failure to object to this evidence at the sentencing hearing waived the issue. *Bright v. State*, 265 Ga. 265, 285-286 (20) (455 SE2d 37) (1995); *Spencer v. State*, 260 Ga. 640, 649 (10) (b) (398 SE2d 179) (1990). Unless the defendant raises the issue at or prior to trial or sentencing, the State is not required to prove the voluntariness of prior guilty pleas. *Fulton v. State*, 232 Ga. App. 898, 901-902 (6) (503 SE2d 54) (1998). Raising the issue in a motion for new trial is too late. Id.

Even if the matter were not waived, the record is clear that the court relied on the 1992 shoplifting guilty plea to determine the sentence, which guilty plea Jackson does not challenge. Indeed, the State's evidence affirmatively demonstrated this plea to be voluntary. No injustice is manifest. See *Thomas*, supra, 218 Ga. App. at 456 (2); *Hughes*, supra, 161 Ga. App. at 825 (6).

2. Whether to grant a motion to amend sentence also lies within the discretion of the trial court. *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998). So long as the sentence imposed is within the statutory limits, we will not disturb it. Id. But Jackson does not contend the sentence falls outside the statutory limits. Cf. OCGA § 16-8-14 (b) (1) (C). He simply repeats the arguments rejected

in Division 1. Accordingly, we discern no error.
*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 15, 1999.

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Patricia P. Stone, Assistant District Attorneys*, for appellee.