## A02A0054. AHN v. THE STATE.
(565 SE2d 823)

MILLER, Judge.

After the court ruled it would allow in a similar transaction, defendant asked for and received a bench trial. The State did not introduce the similar transaction, and the court convicted defendant on all charges. The question on appeal is whether the trial court abused its discretion in denying a motion for mistrial where defendant alleged that the State improperly "tricked" defendant into waiving his right to a jury trial. We hold that the trial court did not abuse its discretion and therefore affirm.

Dr. Soo Wong Ahn weaved wildly in and out of his lane, even going up onto the curb. An officer pulled him over, smelled alcohol, and administered field sobriety tests, which Dr. Ahn failed. The officer arrested him for DUI and for failure to maintain lane. The officer read Dr. Ahn the implied consent notice for persons over 21, and Dr. Ahn agreed to a breath test, which showed his blood alcohol level to be 0.097.

Dr. Ahn initially demanded a jury trial. The State gave notice of its intent to introduce a similar transaction from 1997, which notice it withdrew when Dr. Ahn's counsel threatened to appeal the matter on an interlocutory basis to the Supreme Court of Georgia. The case was then transferred to a division newly created to accommodate a new judge on the court. The State renewed its notice of an intent to introduce the 1997 similar transaction and added a 1988 similar transaction. When the court ruled that the 1997 transaction alone was admissible, Dr. Ahn, fearing the similar transaction would prejudice a jury, withdrew his jury trial demand and requested and received a bench trial. The State rested its case without introducing the 1997 similar transaction. Claiming he was tricked into waiving his right to a jury trial, Dr. Ahn moved for a mistrial, which the court denied. The court convicted Dr. Ahn of DUI and of failure to maintain lane.

Dr. Ahn appeals, contending that the court erred in denying his motion for mistrial and in allowing the State to reopen its case to

introduce hearsay evidence as to his age. Since Dr. Ahn was the architect of his own fate, we affirm.

1. As was his option, Dr. Ahn chose to waive his right to a jury trial and specifically requested a bench trial. Cf. *Evans v. State*, 233 Ga. App. 879 (1) (506 SE2d 169) (1998). He seeks to lay the blame for this tactical decision at the feet of the State, claiming that the State's successful effort to gain court permission to introduce the 1997 similar transaction "forced" Dr. Ahn to choose a bench trial. Dr. Ahn's attorney was apparently convinced that the similar transaction evidence would unduly prejudice a jury. Thus, he claims that the court should have granted him a mistrial when the State decided not to introduce the similar transaction evidence.

Dr. Ahn's argument falls of its own weight. He vigorously maintained below that the 1997 similar transaction evidence should not be admitted. Then, when the State chose not to introduce the evidence, he complained that this deprived him of his right to a jury trial and entitled him to a mistrial. The State, which is under no obligation to introduce every piece of evidence at its disposal, basically complied with Dr. Ahn's wishes by not introducing the evidence. As the architect of his own fate, Dr. Ahn can hardly be heard to complain. We discern no manifest abuse of discretion by the trial court in denying his motion for mistrial on this basis. See *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982) (refusing a mistrial is largely within the discretion of the trial judge).

2. Dr. Ahn's remaining enumerations of error all concern the efforts of the State to show that Dr. Ahn was over 21, which evidence the State sought to introduce to rebut Dr. Ahn's objection that the State failed to show that the correct implied consent notice was given him. Indeed, OCGA § 40-5-67.1 (b) specifies two different notices based on whether the suspect is age 21 or over. However, these enumerations are all moot, as Dr. Ahn specifically stipulated at trial that the officer "read the correct warning." Thus, whether the State properly proved that Dr. Ahn was over 21 is irrelevant.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 15, 2002 —
RECONSIDERATION DENIED MAY 28, 2002 — ▆▆▆▆▆▆

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellee.