## A03A0642. STEPHENSON v. THE STATE.
(582 SE2d 492)

SMITH, Chief Judge.

Glenn William Stephenson pled guilty on May 1, 2002, to two counts of aggravated assault. He was given a 12-year sentence on each count, with the sentences to run concurrently. Later that day, he filed a motion for reconsideration of the sentence on the ground that one of the victims had provided materially false information to the trial court during his sentencing hearing. Following a hearing, the trial court denied the motion, and Stephenson appeals. Because the record shows that the sentence was not based on the victim's apparently false testimony, we find no basis for reversal.

During his guilty plea and sentencing hearing, Stephenson admitted that he fired a handgun at a car in which his wife and a male victim (the "victim") were traveling. The victim was injured. On inquiry by the trial court, the victim denied any romantic involvement with Stephenson's wife. The victim stated to the court that they were "just friends." After considering character testimony presented on Stephenson's behalf, Stephenson's statement concerning his remorse, and argument by Stephenson's counsel, the trial court entered the sentence about which Stephenson now complains.

It appears that immediately after the sentencing hearing, a member of Mrs. Stephenson's family allegedly gave Stephenson's counsel a letter purportedly written by the victim to Mrs. Stephenson describing their relationship and professing his love for her. Until that time, Stephenson had only a suspicion that the victim and Mrs. Stephenson were carrying on a romantic relationship. But based on this letter that surfaced after Stephenson was sentenced, Stephenson immediately filed a motion for reconsideration of the sentence entered earlier that day. Alternatively, he sought to withdraw his plea. Five days after the sentencing hearing, the trial court conducted a hearing on the motion for reconsideration and then denied the relief sought by Stephenson — the imposition of probation only. It does appear, as argued by the State, that Stephenson "presented rather conclusive proof that [the victim] had lied to the court when he denied that he and Ms. Stephenson were romantically involved."

Stephenson argues on appeal that the trial court refused to consider his motion for reconsideration and "should have held [an] evidentiary hearing to determine whether the information was false; whether the false information partially affected the sentence; and whether the sentence should be vacated in part or whole." But the trial court *did* conduct a hearing. Although the court did not allow

testimony from witnesses,[1] it did permit Stephenson to make a proffer of evidence,[2] which included a number of love notes and letters written by the victim to Mrs. Stephenson, along with at least one photograph of the two together at the beach. And even assuming the allegations to be true, the trial court emphatically stated that the victim's false testimony played no role in the sentence it imposed. The court stated to Stephenson's counsel that no one should

> be under the misrepresentation that [the victim's testimony] determined the sentence. The facts are . . . that this man got shot on a public street when he shouldn't have gotten shot. . . . [I]f what you have proffered to this Court is true, . . . then it's a very grievous thing that he did, but it's nothing that would offset what your client did. It's nothing that would in theory wash it out, what your client did. You just don't shoot somebody, in the worst case scenario, if they're running around with your wife.

The court characterized Stephenson's actions as "a very grievous, a very heinous crime" and stated, "[P]lease, please don't be under the misapprehension that your client got six years in jail because of what [the victim] said. The fact was [the victim] got shot. The fact was [the victim] got shot on a public street, and that's a very, very serious crime in the Court's view."

Stephenson correctly argues that "[i]t is a denial of due process for the trial judge to rely upon false information" in sentencing a defendant. See *Townsend v. Burke*, 334 U. S. 736, 740-741 (68 SC 1252, 92 LE 1690) (1948) (defendant denied due process when sentence was imposed based on "materially untrue" assumptions about criminal record). But as discussed above, the trial court did not rely on the victim's false testimony. Instead, the trial court based its sentence on the severity of the crime. Under these circumstances, reversal is unwarranted. "Where the record indicates the judge did not rely on the challenged evidence in imposing the sentence, no injustice is manifest. [Cits.]" *Jackson v. State*, 238 Ga. App. 559, 560 (1) (a) (520 SE2d 11) (1999). See also *Cox v. State*, 242 Ga. App. 334, 336-337 (3) (528 SE2d 871) (2000).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

---

[1] The victim who apparently perjured himself could not be found at the time of the hearing.

[2] The court patiently stated that it did not "mind listening to your proffer" and told Stephenson's counsel, "If you've got something you think this Court needs to be aware of that relates to this sentence, I don't mind hearing from anybody."

DECIDED MAY 6, 2003 —
RECONSIDERATION DENIED MAY 27, 2003 — 

*Victor Hawk*, for appellant.
*Daniel J. Craig, District Attorney, Michael S. Carlson, Charles R. Sheppard, Assistant District Attorneys*, for appellee.