# Court of Appeals
# of the State of Georgia

ATLANTA,    July 03, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1741.  VIRGIL LAMAR MADDOX v. THE STATE.**

Virgil Lamar Maddox pled guilty to two counts of aggravated sodomy and aggravated child molestation on June 9, 2011, and was sentenced to twenty-five years to serve and life on probation.  Maddox filed a motion to withdraw his plea on January 12, 2012, which the trial court denied on January 25, 2012.  Maddox has since filed a motion to modify his sentence, a motion for new trial, and a motion in opposition to the state's motion to amend his sentence.  On March 27, 2012, the trial court entered its order amending the sentence to restrain Maddox from contacting the victims via "legal mail." Maddox filed his notice of appeal on April 19, 2012, purporting to appeal from orders on the motions referenced above.

Maddox's appeal from the order denying his motion to withdraw his plea is untimely.  To be timely, a notice of appeal must be filed within 30 days of entry of the order on appeal.  See OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).  Maddox's April 19, 2012, notice of appeal was not filed within 30 days of trial court's January 25, 2012, order denying his motion to withdraw guilty plea.  Accordingly, this Court lacks jurisdiction to consider an appeal from that order.

A motion to amend sentence lies within the discretion of the trial court, and so long as the sentence imposed is within the statutory limits, we will not disturb it. *Jackson v. State*, 238 Ga. App. 559, 560 (2) (520 SE2d 11) (1999). Since the record does not show that the amended sentence imposed punishment the law does not allow, Maddox is not entitled to a direct appeal from that order, such as authorized under *Williams v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999). Accordingly, Maddox's appeal is dismissed for lack of jurisdiction.[1]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>07/03/2012</u>
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*

---

[1] As to Maddox's motions to modify his sentence and for new trial, the record does not include orders from the trial court ruling on these motions. Thus, to the extent that Maddox seeks review of those orders, his appeal is premature.